SUNSEALD PRODUCTS, INC., a Florida Corporation, v. DOMINO CANNING ASSOCIATION, a Corporation Not for Profit, Organized and Existing Under the Laws of the State of Florida.

3 So. (2nd) 377

Division B

Opinion Filed July 8, 1941

Rehearing Denied July 25, 1941

*Alvan B. Rowe,* for Appellant;

*L. M. Turner,* for Appellee.

THOMAS, J.—A bill of complaint was filed by Domino Canning Association against Sunseald Products, Inc., and Florida Everglades Company, two corporations, and A. C. Whitefield, which contained a prayer for injunction against the defendants to prevent their marketing citrus products under the trade name "Sunseald" and the use of that word as a part of the corporate name of one of the defendants. The corporation, Florida Everglades Company, and the individual defendant, A. C. Whitefield, were, upon their motions to dismiss, eliminated as parties to the suit and the cause proceeded to a trial of the controversy between the other defendant, Sunseald Products, Inc., and Domino Canning Association.

At the time of the dismissal of these litigants a stipulation was signed by the counsel for the remaining parties wherein it was agreed that "the proof and decree in this case shall be limited to the sole issue as to which, if either, of these parties is entitled to the exclusive use of the word 'Sunseald' on their canned

citrus products." This stipulation, which was approved by the court, having narrowed the controversy to the one question stated we will confine our observations to that proposition. Esch, *et al.,* v. Forster, *et al.,* 123 Fla. 905, 168 So. 229. There is, therefore, no necessity to discuss or determine the charge of the appellant that the bill was multifarious.

At the conclusion of the testimony heard by the chancellor he entered a final decree declaring that the plaintiff, Domino Canning Association, was entitled to the exclusive use of the trade name and enjoined the defendant, Sunsealed Products, Inc., from employing that word as a part of its corporate name and from marketing or selling any citrus products under it except with the permission of the plaintiff.

The trade name was originated by A. C. Whitefield, who was instrumental in the formation of Florida Sunseald Products, Inc., the latter using the label on its products. Later this same person caused to be formed Whitefield Citrus Products Corporation and the trade name "Sunseald" was registered in the United States Patent Office by Whitefield who represented that it "belonged to the company." Evidence is that simultaneously an agreement was made between this company and Whitefield under which title to the trade name was to be held by the latter, while the former was given license to use it on its products. Whitfield Citrus Products Corporation, Inc., met financial distress and was subsequently declared bankrupt, whereupon, its assets were purchased by an attorney for an undisclosed principal. Meanwhile, during the proceedings in bankruptcy Whitefield assigned the trade name to appellant. The appellee corporation was then organized, and on April 5, 1940, shortly after the sale under order of the Federal Court to the agent, the trustee in bankruptcy

issued a bill of sale to the newly formed company conveying all of the assets of the bankrupt estate, including trade-marks. On the same day the trustee executed an assignment to Domino Canning Association reciting in it that the assignee was the highest and best bidder for all of the assets of the bankrupt estate, "including the good will of the business, in which the trade-mark 'Sunseald,' registered September 15, 1936, under No. 338,879 in the United States Patent Office, was used." In this instrument all of the right, title and interest of the trustee in and to the trade-mark itself and the good will of the business related thereto was transferred to the assignee.

There is proof that the attorney for the trustee made an investigation to determine the name of the person in which the trade-mark was registered both in the patent office of the United States government and the office of the Secretary of State of Florida. The only information forthcoming from his investigation was that in the former registration appeared in the name of Whitefield Citrus Products Corporation while in the latter none was recorded. It was established also that Whitefield, the individual, was the president of the corporation bearing his name and with which he had dealt with reference to the transfer and license to use the trade-mark, although the public records in Washington showed that the trade-mark was registered in the name of the corporation.

We are of the opinion that the finding of the chancellor was entirely in accord with the facts and that there was a valid transfer of the good will of the business of the bankrupt corporation and the trade name "Sunseald" by the trustee in bankruptcy to the plaintiff in the initial suit.

At the time jurisdiction of the bankruptcy court attached the trade name was registered in the capital of the United States of America in the name of the Whitefield Citrus Products Corporation and an investigation of the records available to the attorney for the trustee in bankruptcy failed to show there was any interest outstanding in any corporation or individual other than the original registrant. When the assets were sold it was obviously the purpose and function of the court to dispose of all of them. A valuable item was the much discussed trade name which doubtless was inseparable from the good will of the business. Emphasis is placed by the appellant on the circumstances that the property of the bankrupt corporation was sold to an undisclosed principal; the state of the title to the trade name because of the arrangement between the corporation and its president; and the recital in the schedule in bankruptcy: "L. Patents, copyrights and trademarks, viz.: None."

It is assumed that when the agent bid at the sale for an undisclosed principal he was representing a corporation then in the process of being organized because the actual transfer was made directly from the trustee in bankruptcy to the new organization and no question has arisen about the regularity of that transaction. The status of the title to the trade-mark, where brought into question in the suit of the Whitefield Citrus Products Corporation against the purchaser at the bankruptcy sale, was not affected by Whitefield's conduct in registering it as the property of the former, of which he was then president and receiving a transfer to him individually in exchange for a license to use it, all on the same day. The filing of the schedule in bankruptcy in which it appeared that no trade-marks

were held adds no strength to the appellant's position as that was the creation of the bankrupt corporation.

We consider the transaction by which title once held by Whitefield Citrus Products Corporation found its way into the Domino Canning Association to have been regular and so well established that there was ample foundation for the chancellor's decree granting the injunction.

In view of the restrictions of the stipulation which we quoted at the outset the decree should not have restrained the defendant corporation from using the word "Sunseald" as a part of its corporate name or required the corporation to change its designation by the elimination of that word.

Affirmed in part, reversed in part.

BROWN, C. J., TERRELL and CHAPMAN, J. J., concur.