410 So.2d 1369 (1982)
Sandra Lee O'NEAL, Appellant,
v.
Joseph Thomas O'NEAL, Appellee.
No. 81-221.
District Court of Appeal of Florida, Fifth District.
March 17, 1982.
*1370 William M. Barr of Raymond, Wilson, Conway, Barr, Burrows & Jester, Daytona Beach, for appellant.
Philip H. Elliott, Jr. of Elliott, Tindell & Strasser, Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant appeals from an order which denied her petition for modification of a final judgment of dissolution of marriage. She had asked to change an award of rehabilitative alimony to permanent alimony.
The marriage was of thirty-two years duration commencing when appellant was eighteen years of age and appellee was twenty-one. Appellee became a career Air Force officer obtaining the rank of colonel at retirement. The parties had three children, all now self-supporting. Appellant has a college degree but did not work during the marriage; she stayed home to raise the family and to manage the household. During the marriage it was necessary for the family to move approximately fifty-two times because of appellee's frequent duty changes.
The parties amicably settled their property interests. The only issue for trial was whether appellant was entitled to alimony and, if so, how much. The final judgment awarded her $200 per week rehabilitative alimony. This award was not appealed.
Appellee, alleging that he had lost his job and was therefore unable to continue making the weekly alimony payments, first petitioned for modification. The parties agreed to reduce the payments to $150 per week and to extend the payment period. Appellant later petitioned for modification alleging that various medical and financial circumstances had combined to make her unable to support herself. She also alleged that appellee's ability to provide support had improved since the dissolution.
*1371 The trial court denied her petition for an award of permanent alimony specifically finding that she had "no serious health problems", and that she could support herself. The court also denied her motion for attorney's fees. The trial court held that there was no legally sufficient change in circumstances on which to base an order of modification.
In Lee v. Lee, 309 So.2d 26 (Fla.2d DCA 1975), the appellant argued that because of the in futuro nature of rehabilitation, a party awarded alimony pending such rehabilitation should have an opportunity to petition the court to show that notwithstanding reasonable and diligent efforts on the petitioner's part, that substantial rehabilitation has not indeed occurred. The court agreed with this argument, stating:
When the vehicle of rehabilitative alimony is used, however, through unforeseen and faultless circumstances the anticipated and hoped for rehabilitation may not in fact occur to the extent that the awarded party is reasonably able to sustain herself or himself as intended by the court initially. In such case the awarded party should have the opportunity to petition the court for a re-evaluation of the alimony matter entirely and/or for an extension or modification of the rehabilitative alimony award. Particularly is this so when, as here, no permanent alimony was additionally awarded in the beginning. (emphasis added)
A rehabilitative alimony award is essentially a projection based upon certain assumptions and probabilities. If these assumptions and probabilities develop as predicted within the projected term, the spouse should be able to support himself or herself. To entitle the spouse to a modification, either to extend the rehabilitative period or to convert the rehabilitative alimony to permanent alimony, he or she must show why the court's original assumptions were defective and why things did not work out as planned. Lee v. Lee. Therefore, the basic issue here is whether the wife has become self-supporting or whether she instead must rely upon the support of her former husband.
A person is not self-supporting simply because he or she has a job and income. The standard of living must be compared with the standard established during the course of the marriage. A divorced wife is entitled to live in a manner reasonably commensurate with the standard established by the husband during the course of a long-term marriage. Nicolay v. Nicolay, 387 So.2d 500 (Fla. 2d DCA 1980). A court must base an award of alimony to a wife upon the ability of her husband to pay that award and her financial needs in light of the standard of living she enjoyed during the marriage. Nicolay; Johnson v. Johnson, 386 So.2d 14 (Fla. 5th DCA 1980). See also McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977), Lash v. Lash, 307 So.2d 241 (Fla. 2d DCA 1975). These principles were not changed by Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla. 1980):
Permanent periodic alimony is used to provide the needs and the necessities of life to a former spouse as they have been established by the marriage of the parties. The two primary elements to be considered when determining permanent periodic alimony are the needs of one spouse for the funds and the ability of the other spouse to provide the necessary funds. The criteria to be used in establishing this need include the parties' earning ability, age, health, education, the duration of the marriage, the standard of living enjoyed during its course, and the value of the parties' estates.
The court below denied the petition for modification holding that the wife had the burden of showing a "change in circumstances."[1] Because the wife did not *1372 appeal the final judgment, the court was precluded from examining any of the factors which would have entitled her to permanent alimony at the time of the dissolution. In the final judgment, the trial court did not enunciate or describe the standard of self-support it anticipated for the wife as a goal of her rehabilitation. To determine that level, then, the court below had to have a point of reference in assessing the extent of rehabilitation. That point can only be determined by examining what would have been a reasonable goal at the time of the divorce. The fact that the wife would have been, under the evidence upon which the final judgment was based, a proper subject for permanent alimony should be properly considered at the time a modification of rehabilitative alimony to permanent alimony is considered. A wife should not have to waste her assets and those of her husband by pursuing an appeal of a rehabilitative award when she is willing to make a good faith effort to achieve rehabilitation and become self-supporting. We think that a rule favoring good faith cooperation toward achieving rehabilitation and self-support is preferable to a rule which requires one to appeal now or lose all future right to assistance.
In the case before us, the parties had been married for thirty-two years, the wife had not been gainfully employed, she made a home for her husband, moving as his duty dictated, and raised their children thereby waiving any opportunity to develop a rewarding profession or occupation. She had few income producing assets. During the same period, the husband was free to pursue and rise in his chosen profession. He earned a valuable retirement.[2]
Since the dissolution, the wife has obtained a real estate license and has actively engaged in real estate sales. Her commission income has ranged from a low of $5,384 in 1976 to a high of $22,679 in 1978. In 1980, the last year in the record furnished, she earned $13,740. In addition, she had an income from dividends and interest of approximately $2,000. The wife complained of several health problems including potential glaucoma, a back ailment, phlebitis, and tendonitis for which she was receiving treatment. While presenting her with some difficulty in working and meeting medical costs, these conditions have not yet impaired her ability to work. Her net worth has increased since the divorce but that increase is represented principally by an increase in the market value of her home.
On the other hand, the husband has a retirement income of $30,000 per year. He is also entitled to his medical costs. He has lost the job that he held at the time of the dissolution and his income was thereby reduced by $11,000. He is a man of considerable ability and there does not appear from the record any health or other reason why he cannot expect to obtain employment and easily replace that loss, if he should be so inclined. However, at the time of the hearing on modification, he was living a comfortable life without working.
We conclude that it was error for the court below to consider only the "change in circumstances" test. The court should have considered the trial court's objectives for rehabilitation and whether appellant achieved those objectives. It should also have considered whether there is a reasonable likelihood that the wife can maintain that ability of self-support in view of her age and foreseeable physical condition. Cowan v. Cowan, 389 So.2d 1187 (Fla. 5th DCA 1980). It would be manifestly unjust to deprive the wife of all prospect of assistance at a precarious time in her life, when at the same time the husband's security is assured.
*1373 The husband also contends that McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), applies to this case. The wife has not claimed a special equity in the husband's retirement pay. She claims support on the basis of her need and the husband's ability to pay. The husband's ability is certainly affected by the amount of his income from whatever source. An award of permanent alimony is not a vested interest in his retirement and may be terminated or suspended if there is no further need. See Hunt v. Hunt, 394 So.2d 564 (Fla. 5th DCA 1980). The holding in McCarty is not relevant to the facts here.
REVERSED and REMANDED for further proceedings consistent with this opinion.
SHARP and COWART, JJ., concur.
NOTES
[1] The original order that denied modification stated:

In the Final Judgment entered on July 27, 1977, this Court found no basis for permanent alimony, but awarded rehabilitative alimony and retained jurisdiction for the purpose of extending the rehabilitative alimony or making it permanent if a change of circumstances made it appropriate to do so. (emphasis added)
In the order denying rehearing, the court reiterated the above explanation, and further stated that "there was no legally sufficient change in the circumstances of the parties on which to base an order to modify the Final Judgment." (emphasis added)
[2] See Higgins v. Higgins, 408 So.2d 731 (Fla. 1st DCA 1981); Cowan v. Cowan, 389 So.2d 1187 (Fla. 5th DCA 1980); Bradley v. Bradley, 385 So.2d 101 (Fla. 5th DCA 1980).