ANSTEAD, Judge,
concurring in part and dissenting in part:
The former wife contends that she should have been awarded permanent alimony in an amount substantially in excess of the $250.00 monthly recommended by a special master and approved by the trial court. At the heart of the controversy is a provision in a settlement agreement executed by the parties at the time of their divorce several years ago:
A. The Husband shall pay to the Wife as periodic rehabilitative alimony the sum of $650.00 per month, payable in installments of $325.00 on the First and 15th day of the month, commencing on the 1st day of March, 1975, and continuing each and every month thereafter for a period of 5 years. At the end of 5 years, the Husband’s obligation for periodic alimony as aforesaid shall cease; provided, however, that both parties agree that the Wife may file a petition with the Court requesting an assessment of the need of additional rehabilitative alimony under the circumstances and the law that exists at that time. In any event, alimony shall cease upon the remarriage or death of the Wife.
The former wife claims that under this provision she was entitled in essence to a de novo determination of her need for permanent alimony at the end of five years. On the other hand the husband claims that this provision was specifically intended to limit the wife to rehabilitative rather than permanent alimony.[1] The special master and the trial court apparently agreed with the husband since they denied the wife’s claim for permanent alimony. I do not believe *855 we can disturb that factual resolution since neither of the parties offered any evidence, outside of the agreement itself, to demonstrate their intent at the time they made this agreement. I agree with this conclusion reluctantly, because I think the alimony provision was ambiguous and that evidence should have been submitted to resolve the ambiguity. In most cases where rehabilitative alimony is awarded, the wife should be entitled to return to court, if the expected rehabilitation does not work out, and secure either an extension of the rehabilitative alimony, if rehabilitation is still possible, or permanent alimony. See O’Neal v. O’Neal, 410 So.2d 1369 (Fla. 5th DCA 1982). In addition, the trial court found that the former wife had already substantially rehabilitated herself. Apparently this determination was predicated on the fact that the wife’s earnings were expected to increase in the next several years during which time the two children of the parties would reach majority leaving the wife with only herself to look out for. This too is a factual finding that is difficult to reverse under the standards set out in Ca-nakaris relied on by the majority.
I also concur in the majority’s resolution of the attorney’s fee issue. However, I would reverse the trial court’s decision not to make the extension of alimony retroactive. Clearly, the wife demonstrated a continuing need for the additional alimony and the husband’s capacity to respond to that need was the same at all times. If necessary any arrearages determined to be due could be made payable over a period of time to accommodate the husband’s ability to respond. However, if he could pay $650.00 monthly previously plus child support, surely he could pay $250.00 monthly plus an amount to pay off the arrearage.

. Other consideration was also provided in the agreement for the wife including the convey-anee of the husband’s interest in the marital home.