514 So.2d 1147 (1987)
Phyllis I. REAVES, Appellant,
v.
Robert S. REAVES, Jr., Appellee.
No. 85-2825.
District Court of Appeal of Florida, Second District.
November 6, 1987.
Phyllis I. Reaves, pro se.
Lawrence D. Black, Largo, for appellee.
*1148 SCHEB, Acting Chief Judge.
The former wife appeals the trial court's denial of her post-judgment petition seeking continuation of rehabilitative alimony payments. We reverse.
The parties were married on December 11, 1965. After fourteen years of marriage the husband filed for dissolution. The final judgment, filed July 29, 1980, awarded the wife $1,900 per month for five years as rehabilitative alimony. She was also awarded the marital home and a sailboat, both subject to mortgages and encumbrances, and $10,000 in cash.
Prior to the petition now at issue, the wife filed a motion for modification of alimony and support which was heard in 1983. The trial court found that the wife was "well on the road to rehabilitation as she has a relators (sic) license and is now a real estate salesperson." The court concluded that with the income from her real estate sales, the wife's standard of living would not be diminished. The trial court denied any relief, and on appeal this court affirmed per curiam without opinion. Reaves v. Reaves, 447 So.2d 1361 (Fla. 2d DCA 1984).
On May 30, 1985, the wife filed the petition now before us. In her petition she outlined her unsuccessful efforts to become self-supporting and asked for a continuation of the rehabilitative alimony, stating the need to acquire additional education or training. Among other allegations the wife, who had previously been holding two jobs, claimed that she became severely ill during April and May 1984, and that her funds were depleted due to the illness and hospitalization costs. She also stated that her home was in foreclosure, and that she was not capable of being completely self-supporting.
The husband filed a motion for summary judgment on grounds that the wife had failed to allege facts or conclusions showing a substantial change in circumstances. He asserted that the bulk of the wife's allegations related to matters preceding the trial court's order of July 12, 1983, denying her previous motion and, as such, were res judicata. He maintained that the court had previously found, as a matter of law, that the wife had been rehabilitated. The trial court granted summary judgment in favor of the husband, and this appeal ensued.
The purpose of rehabilitative alimony is to help a former spouse regain a useful and constructive role in society and, hopefully, be placed in a position to maintain the lifestyle to which he or she had become accustomed during the marriage. Lee v. Lee, 309 So.2d 26 (Fla. 2d DCA 1975). When, through unforeseen circumstances, rehabilitation is not attained, such former spouse can, by applying before the end of the original rehabilitation period, petition the court for a reevaluation of the alimony award. Lee, 309 So.2d at 28.
Here, the wife's petition for modification was filed within the proper period and recited a predicate for this type of relief. The wife's burden in seeking extension of rehabilitative alimony is to show that despite her diligent and reasonable efforts she has not been rehabilitated. She is not, as the husband argues, required to show a substantial change in circumstances. Lee v. Lee, 309 So.2d at 27; Reid v. Reid, 396 So.2d 818 (Fla. 4th DCA 1981).
We think that the grounds for the husband's motion for summary judgment were insufficient to permit the court to enter a judgment as a matter of law under Florida Rule of Civil Procedure 1.510(c). The wife's allegations in several respects relate to her circumstances after the 1983 order and are not, as the husband contends, res judicata.
The wife is entitled to have her petition heard, and in making a determination of whether she has been rehabilitated, the trial judge should view the wife's situation in its entirety. Among the factors that the trial judge should consider are the wife's progress toward achieving financial independence, taking into account the economic conditions relating to the objectives she was pursuing. Other relevant factors are the wife's health, the existence of any disabilities, the market for the wife's skills, and whether additional training is required. *1149 The trial judge should also consider the husband's ability to continue the alimony payments and the wife's good faith efforts to rehabilitate herself. The need to make these determinations requires judges to exercise caution in the use of summary judgment in proceedings of this nature.
Accordingly, we vacate the trial court's order. We remand with directions that the court expeditiously conduct a hearing on the wife's petition. The court should determine if the wife is entitled to rehabilitative alimony payments beyond the period specified in the final judgment of dissolution. If the court makes a determination favorable to the wife it should enter an order specifying the amount and term of such payments. There is no merit to other points argued by the wife.
Reversed and remanded with directions.
RYDER and THREADGILL, JJ., concur.