523 So.2d 804 (1988)
Jill K. MANN, Appellant,
v.
Thomas C. MANN, Appellee.
No. 87-2431.
District Court of Appeal of Florida, Third District.
April 26, 1988.
Charles L. Neustein, Miami Beach, for appellant.
Roy D. Wasson, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and FERGUSON, JJ.
BARKDULL, Judge.
A mother and former wife appeals an order of the trial court denying her motion for continuation of rehabilitative alimony and husband cross appeals the same order for failure of the trial court to award him attorney's fees.
The Manns were divorced December 18, 1985. Pursuant to the final dissolution order, the wife received $750.00 per month in temporary rehabilitative alimony for one year, child support of $500.00 per month for the two children, and custody of the children. On December 16, 1986, the wife moved for an extension of the temporary rehabilitative alimony payments for an additional six months, which motion was granted by the trial court until June 1, 1987.[1] On June 5th, 1987, the wife sought *805 a modification of child support and/or continuation of the temporary rehabilitative alimony. The wife filed this motion pro se. She then acquired counsel, and wife's counsel filed a motion for continuation of rehabilitative alimony payments, and payment of attorney's fees. On September 4, 1987, the lower court rendered the order which is the subject of this appeal, granting the wife's motion as to child support by increasing the existing child support award by $250.00 per month, denied the continuation of rehabilitative alimony, and awarded to the wife attorney's fees in the amount of $2,500.00. The wife appeals this non-final order of the lower court for the denial of continued rehabilitative alimony. The husband cross appeals the denial of attorney's fees to the husband.
While we find the award for child support to be quite low, examining the award in light of the principles set forth in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), we cannot say the trial court abused its discretion in entering the award appealed herein.
The wife further contends that the trial court abused its discretion in denying her an extension of rehabilitative alimony. We agree. In reviewing the known facts of this case, pursuant to the provisions of Walter v. Walter, 464 So.2d 538 (Fla. 1985), to determine whether or not the trial court had acted reasonably or had abused its discretion we find the following: Clearly the husband had the ability to pay. He owned a successful process service business which grossed $248,000 in 1986 and he had an annual income of from $41,000 to $68,000. Just as clearly, the evidence showed that the wife had not been rehabilitated. She was working two part-time jobs, one of which paid her $20.00 per shift and the other she worked for commission. She was unable to meet her mortgage payment and utility bills. In an effort to make ends meet, the wife had disposed of approximately $20,000 of her personal assets. The record shows that the wife has sent out numerous resumes in an effort to gain better paying employment and has had several job interviews, all without success. We do recognize that in one instance, the wife was offered a selling job on a commission basis with a draw against commissions which she turned down. However, it is not unreasonable to decline to accept a position paying questionable remuneration in hopes of finding a better position. Based upon these facts, the trial court made the following observation: "THE COURT: The court has listened to all of the testimony that has been offered in this case. The Court was of the opinion and still is that the wife has not made a substantial effort. She is brighter than even she recognizes. She is extremely articulate. I have heard her in these hearings and her preparation of the matters in this case, and she is much brighter than the job she is doing and she certainly should be able to obtain better employment than she has, maybe not in that field. She is very accomplished in the Court's opinion, and I am going to deny the extension of rehabilitative alimony or converting it to permanent alimony." emphasis added. It is not required that the wife make a showing of a substantial effort in order to obtain a modification and/or extension of rehabilitative alimony. The wife's burden is to show that despite her diligent and reasonable efforts she has not been rehabilitated. See Reaves v. Reaves, 514 So.2d 1147 (Fla. 2d DCA 1987); Wolfe v. Wolfe, 424 So.2d 32 (Fla. 4th DCA 1983); Lee v. Lee, 309 So.2d 26 (Fla. 2d DCA 1975). The judge's remaining observations and opinions simply have no basis in this record. In light of these facts we conclude that the trial judge has abused his discretion in failing to award her such an extension.
Therefore, we affirm the trial court's award as to child support and we reverse *806 the trial court's denial of an extension of rehabilitative alimony. In so doing, and in light of the trial court's expressed opinion regarding rehabilitation of the wife, we hereby grant the wife a continuance of her rehabilitative alimony through the month of December, 1988.
Affirmed in part, reversed in part.
NOTES
[1] There was confusion as to how long the rehabilitative alimony was to continue. The order dated April 14, 1987 reads in part as follows:

"THIS CAUSE having come on to be heard on January 5, 1987,..."
* * * * * *
"That Petitioner/Wife's Motion for Temporary Extension of Rehabilitative Alimony is granted for a period of six months until June 1, 1987 ..."
* * * * * *
"... the conditional six months from the date of this Hearing is for the purpose of giving the Petitioner/Wife an opportunity to find work."
The trial court held that the motion to extend rehabilitative alimony was timely and under the ambiguous order, we agree.