561 So.2d 1187 (1989)
Marilyn BLUMBERG, Appellant,
v.
Edward BLUMBERG, Appellee.
No. 88-2344.
District Court of Appeal of Florida, Third District.
December 5, 1989.
Rehearing Denied March 23, 1990.
Anderson, Moss, Parks, Russo & Cohen, and Daniels and Hicks and Ralph O. Anderson, Miami, for appellant.
Young, Stern & Tannenbaum and Glen Rafkin and Andrew S. Berman, North Miami Beach, for appellee.
Before HUBBART, FERGUSON and GERSTEN, JJ.
PER CURIAM.
Marilyn Blumberg appeals from a post-dissolution order dismissing her petition to extend rehabilitative alimony.
When Marilyn and Edward Blumberg's twelve-year marriage was dissolved in *1188 1985, Edward was a successful attorney who stipulated to an ability to pay any amount of alimony ordered by the court. Marilyn, whose income as a social worker supported the couple while Edward attended law school, was enrolled in law school when the marriage was dissolved. She had not, however, been employed outside the home since 1975.
The 1985 final judgment of dissolution provides that "the husband's income would far exceed the wife's as a social worker. The court feels that the wife is entitled to reasonable rehabilitative alimony for a reasonable period of time in order to enable her to have the same opportunity as the husband." The court awarded Marilyn rehabilitative alimony for a period of three years or until she completed law school, whichever occurred first. Marilyn's appeal from that order was affirmed by this court in Blumberg v. Blumberg, 498 So.2d 1387 (Fla. 3d DCA 1986), rev. denied, 508 So.2d 13 (Fla. 1987).
Before the end of the three-year rehabilitative period, Marilyn filed a Petition for Modification of Final Judgment to Continue Rehabilitative Alimony in Effect. She alleged that her health had deteriorated after the final judgment, causing an incurrence of substantial and unexpected medical and hospital expenses. She further asserted that although she had completed law school, there was still a need for a reasonable amount of additional time to recuperate from the illness, and to take the Florida bar exam as part of the rehabilitation effort. Edward moved to dismiss Marilyn's petition.
At the hearing on Edward's motion to dismiss, the trial court denied Marilyn permission to present evidence concerning her health problems and increased expenses, reasoning that rehabilitative alimony was awarded solely to permit completion of law school. Upon graduation, the court ruled, the objective of rehabilitation had been achieved rendering irrelevant any postgraduation difficulties. Concluding that rehabilitative alimony was awarded not to equalize the parties' incomes, but only their educational opportunities, the court dismissed Marilyn's petition. We reverse.
The purpose of rehabilitative alimony is to assist a spouse in becoming self-sufficient, see generally Krauskopf, Rehabilitative Alimony: Uses and Abuses of Limited Duration Alimony, 21 Fam. L.Q. 573 Winter (1988), and hopefully placed in a position to maintain the lifestyle to which he or she had become accustomed during the marriage. Reaves v. Reaves, 514 So.2d 1147 (Fla. 2d DCA 1987). The peril inherent in such an award is the assumption that self-sufficiency can be achieved within a specified period of time. Myrick v. Myrick, 402 So.2d 452 (Fla. 5th DCA 1981). Because a rehabilitative alimony award is necessarily predicated upon a projection of future events, a spouse who has not become rehabilitated within the initially fixed period may apply to the court for an extension or modification of the rehabilitative award. Pardee v. Pardee, 510 So.2d 660 (Fla. 2d DCA 1987); Veach v. Veach, 407 So.2d 308 (Fla. 4th DCA 1981). Extension or modification is particularly appropriate in cases where no permanent alimony was additionally awarded in the initial order. Lee v. Lee, 309 So.2d 26, 28 (Fla.2d DCA 1975). See generally Annotation, Propriety in Divorce Proceedings of Awarding Rehabilitative Alimony, 97 A.L.R.3d 740 (1980).
A party seeking an extension of rehabilitative alimony must show only that he or she has not been rehabilitated despite diligent and reasonable efforts. Mann v. Mann, 523 So.2d 804 (Fla. 3d DCA 1988). The recipient is not required to show a substantial change in circumstances. Reid v. Reid, 396 So.2d 818 (Fla. 4th DCA), rev. denied, 402 So.2d 612 (Fla. 1981). The fourth district has stated the controlling rule as follows:
If the party seeking an extension or modification of alimony cannot "go it alone," or if he or she is unable to "be in a position reasonably to continue to maintain the lifestyle to which the parties had become accustomed during marriage," the petition for modification should be granted.
*1189 Wolfe v. Wolfe, 424 So.2d 32, 35 (Fla. 4th DCA 1982).
In addition to good-faith efforts toward rehabilitation, the court should consider other factors in determining when it is fair to place the entire burden of support on the economically disadvantaged spouse. The health, disabilities, and job market for the skills of the spouse seeking an extension of the rehabilitative period are relevant factors in determining whether self-sufficiency has been attained. The economically advantaged spouse's ability to continue the alimony payments should also be considered. Reaves, 514 So.2d at 1148.
Furthermore, self-sufficiency connotes more than subsistence or partial self-support. Krauskopf, supra, at 583. Courts require more than a showing of mere employability or a capacity for subsistence level self-support in order to classify a person as rehabilitated. See Larocque v. Larocque, 139 Wis.2d 23, 406 N.W.2d 736 (1987). Nor does possession of a law degree insure self-sufficiency. In Holley v. Holley, 380 So.2d 1098 (Fla. 2d DCA 1980), it was held that failure to award rehabilitative alimony to a wife who was a member of the Florida Bar for over thirty years, but who was returning to practice after a four-year absence, was reversible error in that the wife was entitled to a reasonable period of time to establish a productive law practice. Accord Kanouse v. Kanouse, 549 So.2d 1035 (Fla. 4th DCA 1989) (five years of rehabilitative alimony awarded to wife who was a licensed attorney, but sporadically employed during the marriage, insufficient because wife needs time to develop her law practice and maximize her capacity for self-support). See also MacConnel v. MacConnel, 467 So.2d 1033 (Fla. 2d DCA 1985) (award of rehabilitative alimony for one-year period, plus a conditional award for an additional six months, was insufficient where wife was without substantial work experience or job prospects, even though she had recently obtained an MBA).
The order dismissing Marilyn's petition for modification is reversed and the case is remanded with directions to determine, after an evidentiary hearing, and on the basis of the factors we have set forth, whether the rehabilitation period should be extended.
HUBBART and FERGUSON, JJ., concur.
GERSTEN, J., dissents.