560 So.2d 1375 (1990)
Sylvia SAEZ-ORTIZ, Appellant,
v.
Luis A. SAEZ-ORTIZ, Appellee.
No. 89-1096.
District Court of Appeal of Florida, Fifth District.
May 10, 1990.
Joe Teague Caruso, Merritt Island, and Paul F. King and Edna L. Caruso, West Palm Beach, for appellant.
Cris Bates Foster of Foster and Jiannine, Palm Bay, for appellee.
DANIEL, Chief Judge.
Sylvia Saez-Ortiz appeals an order denying her request to extend her rehabilitative alimony or to convert it to permanent periodic alimony. Because the trial court applied an incorrect legal standard in reviewing her petition, we reverse the order and remand the cause for further proceedings.
After thirty years of marriage, the husband obtained a dissolution. According to the final judgment entered in 1985, the wife had not worked during the marriage, had no marketable skills or experience, and suffered from pulmonary asthma and acute mental depression. The wife was awarded $550 per month as permanent periodic alimony *1376 and $450 per month as rehabilitative alimony for 24 months. Prior to the expiration of the rehabilitative term, the wife filed a motion to extend the rehabilitative alimony or to convert it to permanent periodic alimony. The wife alleged that her pulmonary asthma and acute mental depression had worsened and that the possibility of employment was now nonexistent. The wife also alleged that the husband was gainfully employed and had the ability to pay. The trial court found that no substantial "change of circumstances" had occurred to warrant granting the relief requested.
In O'Neal v. O'Neal, 410 So.2d 1369 (Fla. 5th DCA 1982), this court held that it was error for the trial judge to consider only the "change in circumstances" test where the wife had moved to convert her award of rehabilitative alimony to permanent alimony:
We conclude that it was error for the court below to consider only the "change in circumstances" test. The court should have considered the trial court's objectives for rehabilitation and whether appellant achieved those objectives. It should also have considered whether there is a reasonable likelihood that the wife can maintain that ability of self-support in view of her age and foreseeable physical condition. Cowan v. Cowan, 389 So.2d 1187 (Fla. 5th DCA 1980). It would be manifestly unjust to deprive the wife of all prospect of assistance at a precarious time in her life, when at the same time the husband's security is assured.
410 So.2d at 1372.
In so holding, this court noted that a rehabilitative alimony award is essentially a projection based upon certain assumptions and probabilities. If these assumptions and probabilities develop as predicted within the projected term, the spouse should be able to support himself or herself. To entitle the spouse to a modification, either to extend the rehabilitative period or to convert the rehabilitative alimony to permanent alimony, he or she must show why things did not work out as planned. Thus, the basic issue is whether the spouse has become self-supporting or whether he or she must instead rely upon the support of the former spouse. 410 So.2d at 1371.
Other courts have specifically rejected the use of the "change of circumstances" test where a spouse seeks to extend or convert an award of rehabilitative alimony. Rather, the courts have held that a party seeking an extension or conversion of rehabilitative alimony must show only that he or she has not been rehabilitated despite reasonable and diligent efforts. Mann v. Mann, 523 So.2d 804 (Fla. 3d DCA 1988); Reaves v. Reaves, 514 So.2d 1147 (Fla. 2d DCA 1987); Reid v. Reid, 396 So.2d 818 (Fla. 4th DCA 1981), review denied, 402 So.2d 612 (Fla. 1981). In determining whether the former spouse has been rehabilitated, the trial judge should consider the spouse's progress towards achieving financial independence, the spouse's health, the existence of any disabilities, the market for the spouse's skills, and whether additional training is required. The trial judge should also consider the paying spouse's ability to continue the alimony payments and the receiving spouse's good faith efforts to rehabilitate himself or herself. Reaves, 514 So.2d at 1148-1149.
In Walter v. Walter, 464 So.2d 538 (Fla. 1985), the Florida Supreme Court held that in reviewing a trial judge's award of alimony, the appellate court's responsibility is to determine from the admitted facts, or the facts taken most favorably to the prevailing party, whether the rules of law were applied correctly and whether the trial judge's discretionary authority was reasonably exercised. Here, the trial judge did not apply the correct legal rule in reviewing the wife's request to extend or convert her rehabilitative alimony. Accordingly, the order below is reversed and the cause remanded for application of the correct legal *1377 standard to the wife's request.[1]
REVERSED and REMANDED.
HARRIS and PETERSON, JJ., concur.
NOTES
[1] Because an order extending or converting the rehabilitative award has not been entered, the issue of whether such relief should be retroactive as to the date the petition was filed is not ripe for our review.