PER CURIAM.
The former wife appeals an order which denied her motion to set aside a property settlement agreement. We affirm without prejudice for the wife to file a petition for modification to extend or increase the rehabilitative alimony she is presently receiving, or to convert it to permanent alimony. Wilson v. Wilson, 585 So.2d 1179, 1180 (Fla. 5th DCA 1991); Saez-Ortiz v. Saez-Ortiz, 560 So.2d 1375, 1376 (Fla. 5th DCA 1990); Wortzel v. Wortzel, 489 So.2d 1155 (Fla. 4th DCA 1986); Campbell v. Campbell, 432 So.2d 666, 669 (Fla. 5th DCA 1983); O’Neal v. O’Neal, 410 So.2d 1369 (Fla. 5th DCA 1982). The trial court has jurisdiction to modify this award, as it reserved jurisdiction in the final judgment, and can revisit this issue at any time. Glover v. Glover, 548 So.2d 863, 864 (Fla. 4th DCA 1989); Pujals v. Pujals, 414 So.2d 228 (Fla. 3d DCA 1982); Mullins v. Mullins, 409 So.2d 143 (Fla. 4th DCA 1982).
AFFIRMED.
COBB, W. SHARP and DIAMANTIS, JJ., concur.