PER CURIAM.
Ronald Pettry appeals the order entered by the trial court awarding his former wife, Linda Pettry, temporary alimony pending disposition of her post-judgment motion to convert her rehabilitative alimony award into a permanent periodic alimony award. We reverse.
At the 1992 dissolution hearing, Ms. Pet-try informed the court that she wanted to attend nursing school and projected that such schooling would be accomplished within three years. Based upon this information, the trial court awarded her reha *10 bilitative alimony in the amount of $2,500 per month for four years. The stated purpose for the award was “to enable the Wife to obtain a nursing or comparable degree which requires due diligence and a good faith effort to become self-supporting.” The award was directed to run from December 1991 through December 1995.
After the dissolution was final, Ms. Pet-try altered her rehabilitative plan by deciding to forego nursing school in order to pursue a master’s degree in business. She was successful in her educational endeavor and, after an extensive job search, Ms. Pettry obtained employment as a teacher with the Seminole County School District. Evidence shows that her income approximates that which she would have earned had she obtained a degree in nursing.
In March 1995, more than three years into the rehabilitative alimony period, Ms. Pettry filed a motion seeking to modify the final dissolution order. She requested that the trial court convert her award of rehabilitative alimony to an award of permanent alimony, alleging that a change in circumstances had occurred since the entry of the dissolution judgment. The matter went to trial (for the second time) in April 1999.[1] Upon review of the testimony presented, the trial court reserved ruling on the petition but directed Mr. Pettry to pay Ms. Pettry $1,250 per month in temporary alimony pending entry of its final order.
Mr. Pettry appeals this ruling, arguing that the trial court erred in awarding Ms. Pettry temporary alimony pending disposition of her motion to convert her award of rehabilitative alimony because the evidence adduced at trial establishes that Ms. Pettry is not entitled to prevail on her motion. We agree.
The record before us indicates that the trial court awarded Ms. Pettry temporary alimony because the court had determined that Ms. Pettry was entitled to prevail on her request to convert her rehabilitative alimony award into a permanent alimony award. When presented with a request to convert a rehabilitative alimony award into a permanent alimony award, the trial court must evaluate the efforts of the petitioner to determine whether the goal of the rehabilitative alimony award has not been met despite the petitioner’s diligent efforts. More specifically, in order to “entitle the spouse to a modification, either to extend the rehabilitative period or to convert the rehabilitative alimony to permanent alimony, he or she must show why things did not work out as planned.” Saez-Ortiz v. Saez-Ortiz, 560 So.2d 1375, 1376 (Fla. 5th DCA 1990). That means that “a party seeking an extension or conversion of rehabilitative alimony must show only that he or she has not been rehabilitated despite reasonable and diligent efforts.” Id. “If, through no fault of the petitioner, the goal is not met, the rehabilitative alimony may be extended.” Brock v. Brock, 682 So.2d 682, 683 (Fla. 5th DCA 1996). This principle applies equally to attempts to convert rehabilitative alimony into permanent alimony.
The evidence submitted during the modification hearing demonstrates that the plan for Ms. Pettry’s rehabilitation was successfully executed. Ms. Pettry completed the rehabilitative plan by earning an advanced degree and securing employment as a teacher earning a salary similar to that earned by persons in the nursing profession. As envisioned by the trial court when it ordered rehabilitative alimony, Ms. Pettry has accomplished the goal of rehabilitation.
While Ms. Pettry claims hardship as a result of the debt she incurred in paying for her education, such educational expenses were certainly anticipated at the time the rehabilitative alimony award was *11 fashioned and presumably the court anticipated that Ms. Pettry’s alimony funds would be used to offset at least some of those expenses. We also reject Ms. Pet-try’s suggestion that conversion to permanent alimony is called for based upon her accumulation of unforeseen debt. The fact that Ms. Pettry exercised poor judgment in managing her finances post-dissolution does not demonstrate a failure of the rehabilitative plan. She was awarded substantial sums of money at the time of the final dissolution, as well as a generous amount of rehabilitative alimony and child support, yet Ms. Pettry admitted that she failed to curtail her expenses following the dissolution.
Ms. Pettry also appears to be asserting a claim that her mental health challenges constitute a valid reason to convert her rehabilitative alimony award into a permanent award, yet the evidence was uncontradicted that she has suffered mental health challenges since high school and that her anxiety issues were present during the initial dissolution proceedings. As a result, Ms. Pettry’s mental state does not constitute a valid basis for conversion. Cf. Pollock v. Pollock, 722 So.2d 283 (Fla. 5th DCA 1998).
In summary, the trial court erred in awarding Ms. Pettry temporary alimony because she failed to establish her right to receive a conversion of her rehabilitative alimony award into a permanent alimony award. See Wilson v. Wilson, 585 So.2d 1179 (Fla. 5th DCA 1991).
REVERSED.
THOMPSON, C.J., and DAUKSCH, J., concur.
GRIFFIN, J., dissents, with opinion.

. An earlier modification order was reversed by this court. See Pettry v. Pettry, 706 So.2d 107 (Fla. 5th DCA 1998).