MONACO, C.J.
 

 This is a troubling case. It is troubling because the trial judge fashioned a fair and equitable result after carefully considering the evidence presented to him. Unfortunately, it appears that the relief fashioned was not what either party wanted, and neither seems to have told the court during the course of the trial that the request for the relief that was granted had been withdrawn by stipulation. Thus, we are compelled to reverse.
 

 When the marriage between the parties was dissolved in 2003, the trial judge then presiding entered an order requiring the former husband, Robert Rickenbach, to pay rehabilitative alimony to the former wife, Monica Kosinski, for a period of 36 months during which she was to enter into and complete a dental hygienist program. The trial judge specifically rejected an award of permanent alimony, noting that he considered the marriage of 10 years to be short term. The former wife was admitted to the hygienist program and was progressing satisfactorily when the former husband undertook a series of actions that were apparently intended to undermine the former wife’s progress in her educational endeavor. The court found, in fact, that the former husband had intentionally engaged in behavior designed to thwart and frustrate his former wife’s efforts to comply with her rehabilitative alimony plan, and that as a result of his actions, the former wife did not complete the plan and dropped out of school.
 

 When the former wife dropped out of school, she sought psychiatric help, and then took a job unrelated to dental hygienic work. Thereafter she sought to have the trial court grant alternative relief.
 
 *734
 
 She asked the trial court either to extend the rehabilitative period with concomitant alimony, or to convert the alimony to permanent alimony.
 
 [1]
 
 Before the matter came to trial, however, the parties entered into a stipulation, one provision of which was that the former wife was withdrawing that part of her claim seeking an extension of rehabilitative alimony. That is to say, the former wife was now seeking only a conversion to permanent alimony.
 

 The parties proceeded to trial on the issues raised, but amazingly neither party seems to have advised the trial judge of the stipulation that removed the extension of rehabilitative alimony from his consideration. At the conclusion of the trial the court completely agreed that the former husband’s actions had frustrated the rehabilitative plan, and ordered an extension of the plan to ameliorate the detrimental effects of those inappropriate activities. The trial judge decided, in addition, that he would not grant a conversion to permanent alimony for the former wife. He felt that the principles of res judicata did not permit him to grant that relief because it had been specifically denied by the predecessor judge. In particular he said:
 

 As a matter of law, it is not appropriate for the Court to grant permanent periodic alimony during a post-dissolution modification proceeding when permanent periodic alimony had previously been denied in the original dissolution of marriage proceeding and rehabilitative alimony was awarded at that time instead of permanent periodic alimony.
 

 Both parties moved for rehearing and both parties pointed out in rehearing that neither side actually wanted extended rehabilitative alimony. They alerted the trial judge for the first time that by their earlier stipulation they had removed that issue from the consideration of the court. The trial court conducted an evidentiary hearing, and then denied both motions. In doing so he reiterated that his decision to extend rehabilitative alimony was based on equity, but then added, “My intention was not to give her anything more or anything less but just give her a reasonable shot ... to complete her rehabilitative program without any attempts by the Former Husband to frustrate her attempts to complete that program.” He went on to say that permanent alimony was not appropriate because it would be unfair to the former husband to award it after final judgment had been rendered, “when that was not the original intention on the part of the Court.” In addition, he noted that “matters that are stipulated to are not binding on the Court unless they’re brought to the Court’s attention and the Court expressly approves and adoptfs] those agreements.” Because the court felt that it was not bound by the stipulation, it denied the motions for rehearing. Both parties appealed.
 

 Each party argues that the trial court abused its discretion by not recognizing the joint stipulation in which the former wife withdrew her request for extending rehabilitative alimony. The former wife writes in a brief she filed before this court, for example, that she:
 

 [AJgrees with the [former husband] that the trial court abused its discretion in entering a final judgment of modification providing for an extension of the rehabilitative alimony when the joint pretrial stipulation ... specifically provided that the request for the extension of
 
 *735
 
 rehabilitative alimony had been withdrawn.
 

 The former wife asks us to reverse the final judgment requiring extended rehabilitative alimony, and to compel the imposition of permanent alimony. The former husband argues that the court abused its discretion with respect to the order for rehabilitative alimony, but resists any requirement compelling him to pay permanent alimony.
 

 We begin by noting that in every case the “issues in a cause are made solely by the pleadings.”
 
 See Hart Props., Inc. v. Slack,
 
 159 So.2d 286, 239 (Fla.1963). Rule 1.190(a), Florida Rules of Civil Procedure, provides that after the initial pleading periods allowed by the rules, “a party may amend a pleading only by leave of court or by written consent of the adverse party.” Thus, the parties here had a clear procedural foundation allowing them to amend the former wife’s claim by a written stipulation, even -without leave of court.
 
 See also Sunseald Prods. v. Domino Canning Ass’n,
 
 147 Fla. 700, 3 So.2d 377 (Fla.1941) (stating that parties can enter into stipulations that limit the issues to be tried in court);
 
 Griffin v. Griffin,
 
 463 So.2d 569 (Fla. 1st DCA 1985). Furthermore, stipulations narrowing the issues, or as in this case, modifying the former wife’s supplemental counter-petition so as to drop her alternative request to extend her rehabilitative alimony plan, are of value to the legal system as they simplify issues, limit or shorten litigation, save costs to the parties, and preserve judicial economy and resources.
 
 Johnson v. Johnson,
 
 663 So.2d 663 (Fla. 2d DCA 1995). Accordingly we conclude that the trial court erred in failing to grant the motions for rehearing to the extent that he did so on the basis that he had to approve this particular stipulation for it to be effective.
 
 [2]
 
 We reiterate, however, that the parties should unquestionably have called the trial court’s attention to the existence of the stipulation during the course of the trial. Nevertheless, once the court was made aware of the removal of the request for extended rehabilitative alimony from the pleadings, the rehearing should have been granted.
 

 We also conclude that to the extent the trial court held that it could not
 
 as a matter of law
 
 convert rehabilitative alimony to permanent alimony because the initial judge in the case declined to grant it, the court erred in this respect as well. Rehabilitative alimony is essentially a projection based upon certain assumptions and probabilities.
 
 O’Neal v. O’Neal,
 
 410 So.2d 1369 (Fla. 5th DCA 1982). If these assumptions and probabilities develop as predicted within the projected term, the spouse should be able to support himself or herself when the alimony ends. The key issue becomes whether the former spouse who is seeking further alimony has become self-supporting, or whether that former spouse instead must continue to depend upon the support of the former husband or wife.
 
 Id.
 

 In order to be entitled to a modification, either to extend the rehabilitative period or to convert the rehabilitative alimony to permanent alimony, the petitioner must show why the original plan of rehabilitation did not work out.
 
 Saez-Ortiz v. Saez-Ortiz,
 
 560 So.2d 1375 (Fla. 5th DCA 1990);
 
 see also
 
 The Florida Bar Continuing Legal Education,
 
 Florida Dissolution of Marriage
 
 § 13.37 (9th ed. 2009). This court has held that the standard to be applied is that a party seeking an exten
 
 *736
 
 sion or conversion of rehabilitative alimony must show only that he or she has not been rehabilitated despite reasonable and diligent efforts.
 
 Id.
 
 at 1376;
 
 see also Mann v. Mann,
 
 523 So.2d 804 (Fla. 3d DCA 1988);
 
 Reaves v. Reaves,
 
 514 So.2d 1147 (Fla. 2d DCA 1987). Thus, when presented with a request to convert rehabilitative alimony into permanent alimony, the trial court must first evaluate the efforts of the petitioner to determine whether the goal for the rehabilitative alimony award has not been met despite the petitioner’s diligent efforts.
 
 Pettry v. Pettry,
 
 768 So.2d 8 (Fla. 5th DCA 2000),
 
 review denied,
 
 789 So.2d 347 (Fla.2001). “If, through no fault of the petitioner, the goal is not met, the rehabilitative alimony may be extended.”
 
 See Brock v. Brock,
 
 682 So.2d 682, 683 (Fla. 5th DCA 1996). While a trial court may unquestionably consider any factors established at the time of the final judgment, the entitlement to conversion is based primarily on events and actions that occurred after the initial award of rehabilitative alimony that kept the former dependent spouse from becoming rehabilitated as envisioned by the trial court at the time the final judgment was entered.
 
 O’Neal,
 
 410 So.2d at 1372.
 

 We cannot tell from the record before us how the trial court would have applied these principles at the time it declined to grant permanent alimony, as it appears that the court did not believe that it had the discretion to make that call. Accordingly, we remand with instructions for the trial court to make a determination on conversion in light of this opinion. This court expresses no opinion regarding whether a conversion to permanent alimony is appropriate. We leave the order of the trial court on the motion of the former wife for attorneys’ fees and costs undisturbed, but note that the trial court may wish to revisit this issue if further activities of the parties pursuant to this opmion warrant further consideration of fees and costs.
 

 REVERSED and REMANDED with instructions.
 

 GRIFFIN and EVANDER, JJ., concur.
 

 [1]
 

 . The former husband sought relief as well, but as the trial judge found against him in this endeavor, and as we find no error in that respect, we will not further consider any issues growing out of those matters.
 

 [2]
 

 . Although there are undoubtedly stipulations that would require the approval of the trial court in order to become effective, ones dealing with the modification of pleadings are not among them.