PER CURIAM.
 

 Both parties appeal the Amended Final Judgment in this dissolution of marriage case. The husband raises three issues, all relating to equitable distribution. On cross appeal, the wife raises six issues relating to equitable distribution, permanent and rehabilitative alimony, and attorney’s fees. We reverse only as to the trial court’s valuation of the parties’ retirement accounts. No other issues merit discussion.
 

 The parties were married in 1996, and had no children. The husband filed for dissolution in 2006. After an August 2008 trial, the trial court entered a Final Judgment on January 30, 2009 and an Amended Final Judgment in February 2009. Both parties timely appealed.
 

 In the Amended Final Judgment, the trial court awarded the wife $1,500 a month in permanent alimony and $1,000 a month rehabilitative alimony for eighteen months. The trial court awarded the wife half of the appreciation of the husband’s home, or $80,000. It also awarded her half of the marital portion of three retirement accounts. In the Final Judgment, the court valued these accounts as of the trial date based on the evidence presented. But in the Amended Final Judgment, the court valued them as of January 30, 2009, the date the Final Judgment was entered,
 
 *1023
 
 to reflect a downturn in the economy as asserted by the husband. The court erred by changing the valuation date and values without any evidentiary basis. Although section 61.075(7), Florida Statutes, gives the trial court discretion to pick an equitable date to value assets, section 61.075(3) requires the trial court to establish a value based on competent, substantial evidence.
 
 Reddell v. Reddell,
 
 899 So.2d 1154, 1155-56 (Fla. 5th DCA 2005). The wife correctly argues that the husband’s bare assertions in a motion for rehearing were not evidence. Although the value of the assets may well have dropped, as the husband asserted, he failed to present any evidence to support this assertion or the court’s findings. Therefore, we reverse the Amended Final Judgment as to this issue only, and remand with instructions that the trial court either correct the judgment by inserting the values set forth in the original Final Judgment, which were based upon the evidence presented at trial, or hold an evidentiary hearing before reconsidering these values.
 

 AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH INSTRUCTIONS.
 

 GRIFFIN, SAWAYA and LAWSON, JJ., concur.