SAWAYA, J.
This appeal is a sequel to an appeal in the same dissolution of marriage case that we decided three years ago. Lilly v. Lilly, 35 So.3d 1022 (Fla. 5th DCA 2010). In the first appeal this court affirmed an award of rehabilitative alimony to the former wife (Wife). The question presented in the current appeal is whether the trial court properly converted the rehabilitative alimony award to permanent alimony.[1]
The genesis of the rehabilitative award was medical testimony and evidence presented in the original dissolution hearing that established that Wife is afflicted with a litany of physical and mental disorders, most notably a severe form of obsessive/compulsive disorder (OCD). There is no cure for OCD and the main focus of her treatment was to reduce and manage her symptoms. Despite these maladies, the former husband’s (Husband) vocational rehabilitation psychologist, who had previously evaluated Wife, concluded that Wife *157 was immediately capable of obtaining entry-level employment on a part-time basis. He also concluded that she could successfully transition into full-time employment within twelve months of vocational rehabilitation training at an estimated cost of $3,000 to $5,000. The trial judge found the psychologist’s testimony and conclusions compelling, as the Amended Final Judgment indicates, and determined that Wife was capable of full-time employment, earning $12 to $17 per hour within twelve months, if she participated in vocational training within the cost range projected by the psychologist. So, in addition to permanent alimony in the amount of $1,500 per month, the trial court awarded Wife rehabilitative alimony in the amount of $1,000 per month for eighteen months — a rather generous award of time and money given the expectations of her future employment in twelve months, total payments of $18,000, and the estimated costs of no more than $5,000.
Shortly before the rehabilitative period was to expire in August 2010, Wife filed a petition to convert the rehabilitative alimony to permanent alimony. At the conversion hearing, evidence was presented by both parties and, at the conclusion, the trial court rendered the judgment we now review granting Wife’s petition. Husband appeals, contending that the evidence does not establish that Wife made reasonable and diligent efforts to comply with the provisions of the rehabilitative plan.
This rehabilitative plan, like others formulated in dissolution cases, is premised on assumptions and probabilities that if the dependent former spouse makes reasonable and diligent efforts to comply, rehabilitation will occur within the projected time range that will assist the former spouse in achieving the goal of becoming partially or fully self-supporting, thus eliminating or reducing the need for further support. Rickenbach v. Kosinski, 32 So.3d 732 (Fla. 5th DCA 2010); O’Neal v. O’Neal, 410 So.2d 1369 (Fla. 5th DCA 1982). But plans designed with assumptions and probabilities are not infallible and, despite reasonable and diligent efforts at compliance, the expected results sometimes do not occur. In these instances, courts have the discretion to convert rehabilitative alimony to permanent alimony provided the spouse seeking the conversion presents evidence to establish that reasonable and diligent efforts were made to comply. Rickenbach; Pettry v. Pettry, 768 So.2d 8, 10 (Fla. 5th DCA 2000); Saez-Ortiz v. Saez-Ortiz, 560 So.2d 1375, 1376 (Fla. 5th DCA 1990); Reaves v. Reaves, 514 So.2d 1147 (Fla. 2d DCA 1987). The events that occur after rehabilitative alimony is awarded will be of primary significance. Rickenbach.
It will not take a lengthy discussion to chronicle the efforts Wife made to comply with the plan. Despite more than sufficient funds allotted in the plan for vocational rehabilitation, Wife, instead, sought free services from the Department of Vocational Rehabilitation, but when the counselor there told her that her OCD was not sufficiently under control to qualify her for the Department’s services, she sought no other rehabilitative services. Wife did apply for nine paying jobs in a one-year period. However, the reasonableness of applying for a job less than once a month is highly questionable if one is diligently attempting to obtain employment — such as was required by the terms of the rehabilitation plan. Wife also sought treatment from Dr. Buhrmann, who had last treated Wife approximately eight years before, but Wife did not make that effort until a month or two before the rehabilitative period was to expire. What is quite telling about Wife’s return to treatment with this doctor after an eight-year hiatus is that *158 Wife informed the doctor that she would need the doctor’s testimony at a later date. Both the timing of, and the reasons for, the return to treatment with this doctor are dubious and unsupportive of a conclusion that she was diligent in seeking assistance.
Wife had the burden of presenting evidence that she made reasonable and diligent efforts to comply with the rehabilitative plan. The requirements of reasonableness and diligence in this context require more than simply erecting a fagade to give the appearance of compliance. Rickenbach; Pettry. Because Wife failed to meet her burden, the judgment converting the rehabilitative alimony award to permanent alimony is reversed.
REVERSED.
ORFINGER, C.J., and COHEN, J., concur.

. Our resolution of this issue moots the issues raised in the cross-appeal. We note parenthetically that in the conversion proceedings and the final judgment, the conversion award is given various labels including "periodic alimony.” The briefs often refer to it as “permanent alimony” and so shall we. In any event, the moniker placed on the award does not affect our conclusion.