636 So.2d 532 (1994)
Jennifer A. BERKI, Appellant,
v.
Robert A. BERKI, Appellee.
No. 93-1866.
District Court of Appeal of Florida, Fifth District.
April 8, 1994.
Rehearing Denied May 13, 1994.
*533 Sharon Lee Stedman, of Sharon Lee Stedman, P.A., Orlando, for appellant.
Nancy Y. Smith, of Brinson, Smith, Smith, Lewis & Starr, P.A., Kissimmee, for appellee.
GRIFFIN, Judge.
This is an appeal from the final judgment of dissolution of a five year marriage. Two sons were born of the marriage, aged 4 and 2 at the time of the final hearing. There are four issues on appeal: the decision of the trial court to award primary residential custody of the two children to the husband; the failure to award rehabilitative alimony to the wife; the failure to treat the marital home as a marital asset; and the failure to award attorney's fees to the wife.
The issue most fervently urged on appeal is the lower court's decision that the primary physical residence of the children be with the father. Appellant correctly urges that the record shows her to have been a fit and loving parent to her sons. She did not work after the birth of the first child and the record strongly suggests that she was the primary caregiver during the marriage. Nevertheless, the lower court based its decision on findings that the father had the more stable life-style, the more stable home and was more likely of the two parents to facilitate visitation with the nonresidential parent. These findings have support in the record. Accordingly, we need not reach appellant's contention that the "tender years" doctrine retains validity in Florida where all other factors are equal. The lower court found that the parties were not equal.
We recognize that the key reason the husband had the more stable home and lifestyle is that after expending all available resources and incurring substantial marital debt to build a "$300,000" home, he remained in what he considered to be "his" home and continued to work at his $31,200 a year job while appellant had no home, no money and no job. Nevertheless, the court's responsibility *534 was to determine the children's best interests. The lower court was entitled to weigh all relevant factors, including how well the parties had arranged their lives in the months since the break-up of the marriage and the father's post-separation demonstration of the ability to effectively manage the primary residential care of the children. We cannot conclude on this record that the lower court abused its discretion in making the residential custody decision.
We also find no abuse of discretion in the lower court's decision not to award rehabilitative alimony. Rehabilitative alimony is designed to permit development of previous skills or obtain the training necessary to develop new skills for self-support. The wife generally expressed some aspirational goals but no evidence was offered on which the court could base an award.
The lower court did err, however, in ruling that the marital home built during the marriage was the husband's separately owned property because the lot was purchased and the home was built with money "totally unconnected" to the marriage. This finding has no support in the record. Although the lot and the residence he constructed on it were titled in the husband's name alone, the record shows that only the $6,350 down payment for the lot purchase was made with non-marital funds. The balance was mortgaged. Husband claims also that he used $35,968.76 of non-marital funds in the construction, but the record suggests that the property that was the source of this money was at least partly marital. Moreover, after construction, the home was encumbered with a substantial mortgage in both parties' names and the mortgage payments were made with marital funds. The basis for the husband's claim for credit for post-separation mortgage payments is a mystery. The issue is the value of the marital asset and how the wife's share of the marital asset should be distributed to her. Given the fact that the lower court eschewed any consideration of these issues based on the erroneous conclusion that the home was not a marital asset, we remand for a hearing to properly determine the value and method of distribution.
The final issue is the question of attorney's fees. The wife's gross income at the final hearing was $652 per month, $210 of which was to pay child support. The husband's income was $31,200. Our review of the record and the final judgment does not support complete denial of fees to the wife and the appellee concedes that no findings by the trial court justify complete denial. In light of the remand of the issue of equitable distribution of marital assets, it is appropriate to remand for a reconsideration of the issue of attorney's fees.
AFFIRMED in part; REVERSED in part and REMANDED.
DAUKSCH and PETERSON, JJ., concur.