653 So.2d 1076 (1995)
Russell E. McDANIEL, Appellant,
v.
Sandy McDANIEL, Appellee.
No. 94-1498.
District Court of Appeal of Florida, Fifth District.
April 13, 1995.
Marcia K. Lippincott of Marcia K. Lippincott, P.A., Orlando, for appellant.
*1077 R.G. Petree of Bornstein & Petree, P.A., Orlando, for appellee.
COBB, Judge.
In this dissolution appeal, the husband challenges the valuation of stock in a closely held corporation as well as the calculation of child support and related payments.
The only marital asset in dispute was the wife's claimed one-half interest in the husband's McDaniel Grading, Inc. stock. The wife had a C.P.A. testify concerning the value of the stock and he examined the corporation's financial statements, tax returns and tangible personal property assessments. Essentially, the C.P.A. calculated a net liquidation value for the year 1992 and determined that the husband's stock had a value of $65,268.00. The husband objected to this testimony on the basis that the C.P.A. lacked qualifications to give such an expert opinion. Ultimately, the court found this went to weight and not admissibility.
In regard to child support, the wife's net income was found to be $1,240.00 per month with $425.00 in child care expenses. For the husband, the court added an income distribution of $400.00 per month to his base salary and also added an in-kind contribution of a company car valued at $280.00 per month as well as company paid medical insurance for himself and the two children of approximately $146.46 per month. $315.80 was deducted for federal income tax giving the husband a net monthly income of $2,451.00.
In the final judgment, the husband was ordered to pay $953.00 per month in child support as well as any medical/dental deductible amounts and any reasonable optical expenses incurred for the children. The husband was also required to obtain life insurance in the amount of $100,000.00 to secure child support.
As to the first issue raised by the husband, we note that the C.P.A. was able to render an opinion regarding the value of the husband's stock. Expert opinion testimony by accountants is clearly acceptable in a dissolution proceeding. Ross v. Bandi, 566 So.2d 55 (Fla. 4th DCA 1990); Marcoux v. Marcoux, 475 So.2d 972 (Fla. 4th DCA 1985), rev. denied, 486 So.2d 597 (Fla. 1986). We also point out that the only opposing testimony as to value came from two shareholders of the corporation. See Ross (court found that shareholder's testimony was inadequate). In light of the fact that the expert testimony given by the wife's accountant was admissible, the court had before it competent and substantial evidence upon which to base its valuation.
Additionally, the former husband contends that the figures representing the parties' net income are not supported by competent evidence and as a result, child support was not calculated properly. Because the family business controlled disbursements, we find that the trial court was within its discretion in imputing the monthly $400.00 income distribution to the husband. The additional "in-kind" contributions, however, present a more difficult problem.
Section 61.30(2)(a), Florida Statutes, reads in pertinent part:
(a) Gross income shall include, but is not limited to, the following items:
13. reimbursed expenses or in-kind payments to the extent that they reduce living expenses.
Thus, the first in-kind payment, i.e., providing a company car for business and personal use, would reduce the living expenses of the former husband since he does not have to purchase or lease.
In regard to company provided medical insurance, it appears that the court added income for company-paid health insurance (for himself and the children) without any corresponding deduction. §§ 61.30(3)(e); 61.30(8). Florida law provides for the reduction of a parent's income by his or her health insurance payments and for the apportionment of the cost of the children's health insurance to both parties. The trial court's action in simply increasing the husband's income by the cost of health insurance for himself and the children was error.
We also note that the final judgment lacked specific findings regarding the parties' income breakdowns, in-kind payments and imputed salary. Pridgeon v. Pridgeon, 632 So.2d 257 *1078 (Fla. 1st DCA 1994); Braman v. Braman, 602 So.2d 682 (Fla. 2d DCA 1992); Seilkop v. Seilkop, 575 So.2d 269 (Fla. 3d DCA 1991).
Finally, the husband argues that the trial court erred in requiring him to pay for excess medical expenses and life insurance. This court has consistently found that an order requiring a payment of medical expenses must specify a dollar amount or total financial exposure in order to limit the liability of the payor spouse in relation to his or her ability to provide this type of support. Oh v. Oh, 570 So.2d 1030 (Fla. 5th DCA 1990).
Thus, a limitation on deductible amounts and optical expenses incurred by the children needs to be set by the trial court which would then (with the cost of health insurance, if any) state the former husband's "total financial exposure."
As to life insurance, we held in Mitchell v. Mitchell, 477 So.2d 2 (Fla. 5th DCA 1985), that: "there is nothing in the law that requires a spouse to maintain insurance unless special circumstances dictates its advisability." See also Jarrell v. Jarrell, 630 So.2d 626 (Fla. 4th DCA), rev. denied, 639 So.2d 978 (Fla. 1994); Frechter v. Frechter, 548 So.2d 712 (Fla. 3d DCA 1989). Here, there was no showing of special circumstances.
Accordingly, we reverse the final judgment of dissolution as to child support. On remand, the trial court should provide specific findings regarding the parties' income calculations and should eliminate the life insurance requirement. In addition, the total financial exposure of the husband in regard to medical expenses should be set out. In all other respects, the final judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
GOSHORN and THOMPSON, JJ., concur.