655 So.2d 1243 (1995)
Glenn E. BENTERS, Appellant/Cross-Appellee,
v.
Holly BENTERS, Appellee/Cross-Appellant.
No. 94-1212.
District Court of Appeal of Florida, Fifth District.
May 26, 1995.
*1244 James R. Dressler, Cocoa Beach, for appellant/cross-appellee.
Paul M. Goldman, Dean, Meade, Spielvogel, Goldman & Boyd, Merritt Island, for appellee/cross-appellant.
HARRIS, Chief Judge.
The final judgment dissolving marriage entered herein awarded the Wife $300 per month in rehabilitative alimony and $900 per month in permanent periodic alimony. On appeal, the Husband does not challenge the amount of the award, a total of $1200 per month. Rather, he maintains that the Wife's circumstances justify an award of only rehabilitative alimony because the Wife is currently in school and may well become self supporting. The Husband also contends that the trial court erred in failing to make findings of fact to support the award of permanent alimony and therefore, even if permanent alimony is justified, this court cannot review the appropriateness of the amount.
Section 61.08(1) requires that the trial court make findings of fact relative to the factors listed in subsection (2). In the cause before us, although the court tracked the language of the statute in informing us of the factors it considered, it failed to make any findings of fact relative to those factors. For example, there are no findings concerning the age of the parties, the length of the marriage, the contributions (if any) of either partner to the career advancement of the other, the health of the parties or the contribution of the parties to the marriage. More importantly in this case, the court made no findings regarding the standard of living enjoyed by the parties prior to their separation and ultimate divorce.
In addition to the statutory findings of fact, if the trial court intends to award permanent alimony, it must first determine whether the Wife has the potential capacity, after rehabilitation, to maintain a standard of living comparable to that enjoyed during the marriage. As this court stated in Campbell v. Campbell, 432 So.2d 666, 668 (Fla. 5th DCA 1983, petition for rev. dismissed, 453 So.2d 1364 (Fla. 1984):
[W]here ... the prior education, skills, training and work experience of the wife clearly demonstrate that she has the capacity or potential for self-support in a manner similar to that enjoyed by her during the marriage, but may not be quite ready to weather the storm alone, rehabilitative alimony, not permanent, is the award of choice. It has been held that there can be no award of permanent alimony where the evidence does not reflect a permanent inability on the part of the wife to become self-sustaining. Crees [v. Crees], supra [342 So.2d 1014 (Fla. 4th DCA 1977)]. Conversely, it should also be the rule that where the record affirmatively shows the wife's ultimate capacity to become *1245 self-supporting, an award of permanent periodic alimony is improper.
The trial court made no finding that, after her rehabilitation, the Wife will remain unable to sustain herself at the standard of living she enjoyed during the marriage. Absent this finding, an award of permanent alimony is premature. Campbell, supra.
We affirm the rulings of the court except the designation of part of the alimony as permanent. We reverse this portion of the order with instructions that the court make sufficient findings of fact to enable us to determine the appropriateness of the permanent periodic alimony award. Because the court apparently believed that $1200 per month was the amount necessary to sustain the Wife during the period required for her rehabilitation and because the Husband has not argued that this amount is unreasonable, we do not reverse the portion of the award designated as permanent alimony. Rather, we merely direct that, unless and until the court makes appropriate findings supporting an award of permanent alimony, all the alimony be considered rehabilitative.
AFFIRMED in part; REVERSED in part and REMANDED with instructions.
GOSHORN and PETERSON, JJ., concur.