682 So.2d 682 (1996)
Francine T. BROCK, Appellant,
v.
Darrell E. BROCK, Appellee.
No. 94-1888.
District Court of Appeal of Florida, Fifth District.
November 8, 1996.
Norman D. Levin of Levin & Rabinowitz, Longwood, for Appellant.
Kenneth W. McIntosh and Catherine D. Reischmann of Stenstrom, McIntosh, Julian, Colbert, Whigham & Simmons, P.A., Sanford, for Appellee.
THOMPSON, Judge.
Francine T. Brock ("the former wife") appeals the trial court's order denying her motion for rehearing or amendment of final judgment. The judgment required Darrell E. Brock ("the former husband") to pay rehabilitative alimony for 36 months from entry of the final judgment. The former wife sought conversion of the rehabilitative alimony to permanent alimony or an indefinite extension of rehabilitative alimony. She asserted that she experienced a substantial *683 change of circumstances after being severely injured in a post-dissolution accident. The former wife raises two issues on appeal. First, she argues the trial court erred by not extending the award of rehabilitative alimony or changing it to permanent periodic alimony since she had become disabled and unable to support herself. Second, she argues the trial court erred by failing to provide adequate findings of fact as required by section 61.08, Florida Statutes (1993) in its order denying relief.

FACTS
Although the parties were married for seven years, they were separated three years before the final judgment was entered. Both were married previously and no children were born of this marriage. At the time of the entry of the final judgment, the former wife was 47 and the former husband was 54. Incorporated into the final judgment was a partial marital settlement agreement which required the former husband to pay $1800 lump sum alimony, to deed the marital home to the former wife, and to pay rehabilitative alimony in the amount of $450 per month for 36 consecutive months. The former wife submitted no rehabilitative plan as part of the marital settlement agreement, and there was no stated rehabilitative goal. Neither party appealed the final judgment.
Shortly after the final judgment was entered, the former wife was severely injured in an automobile accident. Two months before the scheduled rehabilitative payments ceased, the wife petitioned the trial court to indefinitely extend the rehabilitative alimony or to convert it to permanent periodic alimony. The former wife argued that she was unable to work and needed support, and the former husband had the ability to pay alimony. At the time of the hearing on the motion, the former husband had complied with all the terms of the final judgment. The trial court denied the motion finding that "no viable plan of rehabilitation" was presented by the former wife at the time of the final judgment. The court found that the former wife attended college during the marriage and received a college degree as a graphic artist, but never attempted to work in that field. It also found that "health problems were not a detriment to her employment" at the time of the dissolution, but occurred as a result of an accident subsequent to the dissolution. Thus, the trial court concluded that "conversion to permanent alimony is not appropriate in this case."

REHABILITATIVE ALIMONY
This court has held that the purpose of rehabilitative alimony is to allow a spouse to obtain a skill, education or rehabilitation in order to adjust to a new life. Rehabilitative alimony is for a time certain or until a specific goal has been met. Berki v. Berki, 636 So.2d 532, 534 (Fla. 5th DCA), rev. denied, 645 So.2d 450 (Fla.1994); Kirchman v. Kirchman, 389 So.2d 327, 329-330 (Fla. 5th DCA 1980). Further, courts have held that a viable rehabilitative plan must be presented at the time the request for rehabilitative alimony is made. Berki at 534; Hanrahan v. Hanrahan, 618 So.2d 779 (Fla. 1st DCA 1993). Since rehabilitative alimony is a projection based upon assumptions and probabilities, O'Neal v. O'Neal, 410 So.2d 1369 (Fla. 5th DCA 1982), the plan must be in writing in the event the plan or goal is not achieved. This gives the trial court a basis to evaluate the efforts of the petitioner if the goal has not been met despite the petitioner's diligent efforts. If, through no fault of the petitioner, the goal is not met, the rehabilitative alimony may be extended. Id. However, a petitioner seeking an extension of rehabilitative alimony must show that rehabilitation did not occur despite reasonable and diligent efforts. Wilson v. Wilson, 585 So.2d 1179, 1180 (Fla. 5th DCA 1991). In this case, the former wife never presented a plan for rehabilitation. Although the former wife established her needs, she presented no evidence that the petition was based on a rehabilitation plan to redevelop skills or obtain additional education or training. Without a plan, the trial court could not determine whether the former wife had made good faith efforts toward financial independence, or whether she needs additional education or training. The trial court found that any health problems she suffered at the time the final judgment was entered were not a detriment to the former wife's employment. Rather, her post-decretal *684 injuries were the major contributing factor to her current inability to work full-time. She is not entitled to have the rehabilitative alimony extended, because the former wife failed to show that she made reasonable and diligent efforts to rehabilitate herself. Wilson.

PERMANENT ALIMONY
The sole cause of the former wife's inability to become self-supporting was the post-decretal accident. This was not related to the dissolution nor failure to complete any educational or professional goals anticipated by the rehabilitative payments. The purpose of permanent alimony is to provide for the former spouse who is unable to become self-supporting at the time of the dissolution. If the former spouse is or can become self-supporting, permanent alimony is improper. Benters v. Benters, 655 So.2d 1243, 1244 (Fla. 5th DCA 1995). The trial court found at the time of the dissolution, the former wife could become self-supporting. She had been employed and had earned a degree in graphic arts. The former wife was adequately trained and employable as a graphic artist. She received lump sum alimony, rehabilitative alimony, the marital home, and attorney's fees. We agree with the trial court that permanent alimony is inappropriate because the evidence supports the finding that the former wife would become self-supporting within the three year rehabilitation period.

ADEQUATE FINDINGS
We conclude that the findings of the trial court were sufficient to comply with the factors in section 61.08(2), Florida Statutes, and to support its refusal to extend or convert the former wife's rehabilitative alimony award. The trial court detailed the parties' ages, earning histories, health and abilities to work. The trial court also found that the former wife never presented a rehabilitative plan. Although all of the factors of section 61.08(2) were not addressed, in light of our ruling that the wife is not and could not be entitled to additional rehabilitative alimony, any failure to address all criteria of the section is harmless error. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
AFFIRMED.
GOSHORN, J., concurs.
GRIFFIN, J., concurs in result only.