DAUKSCH, Judge.
This is an appeal from an award of permanent alimony in a marital dissolution ease. This case was before us earlier in Benters v. Benters, 655 So.2d 1243 (Fla. 5th DCA 1995). At that time we reversed the alimony award and remanded the matter for the requisite findings of fact. See § 61.08(1), Fla. Stat. (1995). This time appellant seeks to have us reverse the award because the trial judge, upon remand, refused to consider the changed circumstances of the parties, particularly the increased income of appellee, and refused to reconsider the apportionment of the amount to be paid. It is probable that the trial judge felt constrained by our previous ruling to justify, by findings of fact, the previous award.
The principal complaint of appellant is not that $1,200 was too much but that the allocation of permanent versus rehabilitative alimony was wrong. He also argues that by the time the hearing on remand from our earlier opinion took place, the financial circumstances had changed and the original award should be reexamined. In fact, he filed a petition for modification of alimony and we find in the record a notice of hearing on that petition for July 8,1996. We have no knowledge as to whether that hearing took place.
Because the trial judge has complied with the mandate by setting out sufficient findings of fact and because appellant has ample opportunity to have the court consider a petition for modification, we affirm the order on review. We are aware of appellant’s complaint that he does not want to have to carry the burden of proof a petitioner for modification must carry.
AFFIRMED.
COBB and HARRIS, JJ., concur.