HARRIS, J.
The husband appeals the grant of rehabilitative alimony and attorney’s fees. He also challenges the refusal of the court to determine that his medical expenses were marital debts. Finally, he appeals the denial of his motion for rehearing based on the newly discovered evidence that property awarded to him that had been in the possession of the wife (he had been ordered to keep away from the home) was not eared for and was worth less than indicated by the court, and that an IRS tax liability assessment issued shortly after the final judgment for a period during the marriage should be considered by the court.
We reverse the award of rehabilitative alimony because there was no evidence presented to the court justifying the award. See Brock v. Brock, 682 So.2d 682 (Fla. 5th DCA 1996); Martin v. Martin, 582 So.2d 784 (Fla. 5th DCA 1991).
We reverse the court’s decision not to consider the husband’s medical expense as a marital liability merely because it was “elective” and because the expenses were not incurred until after separation. The testimony was that the husband was injured before the separation. The wife conceded that her husband complained of pain in his shoulder the year before they separated. The court did not determine when the injury which led to the expense at issue actually occurred. If the cause for the expenses occurred during the time the parties lived together and the expenses actually became due before the complaint was filed, the fact that the ex *1081 penses were not incurred until after separation does not justify a finding that the expense is not a marital obligation. It is when the injury causing the expense occurred, rather than when the expenses of treatment become due, that should determine whether the debt is marital or not. Further, the fact that the operation was for the purpose of alleviating pain rather than for a medical emergency does not make it “elective.” We remand for a factual determination as to when the injury causing the expense occurred. However, even if the court determines that the medical expenses are marital obligations, proper distribution of such liability remains in the sound discretion of the trial judge.
Because the elimination of rehabilitative alimony and a review of the treatment of the large medical expense may drastically affect the financial position of the parties, we also remand the partial award of attorney’s fees for reconsideration. Likewise, because the distribution of assets must necessarily be reconsidered by the court, we remand for consideration of the value of the formerly distributed assets and the newly discovered tax liability.
REVERSED and REMANDED for further action consistent with this opinion.
COBB and PETERSON, JJ., concur.