**Paula MITCHINSON v. Francis MITCHINSON**

[788 A.2d 23]

No. 01-147

October 29, 2001. Defendant husband appeals from an order of the Bennington Family Court affirming a magistrate's decision to modify child support payments. On appeal, husband claims that, for purposes of the child support guideline calculation, the family court's inclusion of business travel expense reimbursements in his gross income is error under 15 V.S.A. § 653(5)(A)(ii). We agree and accordingly reverse and remand for recalculation of husband's child support obligation.

Husband and wife were divorced in 1996. They are parents of three children, Angela, Brodie, and Amber. A 1996 order granted custody of Amber and Angela to wife and granted custody of Brodie to husband. Once Angela reached the age of majority and graduated from high school in 1999, husband moved for a modification to the existing 1996 child support order. The parties presented evidence over the course of four hearings in support of the motion to modify. Following the parties' testimony, in September

2000, the magistrate ordered the husband's child support payments reduced.

When calculating husband's revised child support obligation, the magistrate included in husband's gross income $531.00 per month of regularly paid business travel reimbursements. In his financial disclosure to the court, husband did not separate personal travel expenses from business travel expenses under the general heading travel expenses. The magistrate reasoned that including the reimbursements in gross income for purposes of the calculation would set off the expenses included in husband's total disclosed travel expenses. The magistrate concluded as a matter of law, therefore, that under 15 V.S.A. § 653(5)(A)(ii), the payments must be included in gross income because they reduced husband's personal living expenses.

Husband appealed the magistrate's order to Bennington Family Court, where the court affirmed the magistrate's order in all respects. Husband appeals from the family court decision, arguing that inclusion of the reimbursements in gross income was an erroneous conclusion of law. We review questions of law de novo. See *Thompson v. Dewey's South Royalton, Inc.*, 169 Vt. 274, 276, 733 A.2d 65, 67 (1999).

Pursuant to 15 V.S.A. § 654, the Secretary of Human Services has promulgated child support guidelines, 4A Code of Vermont Rules § 13 161 001-1 through 23, which are ordinarily used in calculating child support obligations. The guidelines are based on the combined available income of the parents, 15 V.S.A. § 654. Available income is gross income less certain preexisting support obligations, child healthcare costs, and certain state and federal income tax adjustments, 15 V.S.A. § 653(1), and gross income includes "expense reimbursements or in-kind payments received by a parent in the course of employment . . . *if they reduce personal living expenses.*" 15 V.S.A. § 653(5)(A)(ii) (emphasis

added). Where a parent is neither self-employed nor a business proprietor, ordinary expenses, including travel, play no part in this calculation. See 15 V.S.A. § 653(5)(A)(iv).

The court has some discretion to depart from the support guidelines if it finds that an order based on the guidelines would be inequitable. 15 V.S.A. § 659(a). Once it departs from the guidelines the court is not required to follow any formula and may consider any expenses it finds relevant to determining an equitable support obligation. See *Harris v. Harris*, 168 Vt. 13, 23, 714 A.2d 626, 633 (1998). Here, wife requested that the court depart from the support guidelines, but the court declined to do so. Additionally, the court found that husband was currently employed by a pharmacy in Rutland, and not self-employed. Therefore, the court was precluded from considering husband's travel expenses in calculating husband's support obligation under the guidelines.

The court erred when it included husband's travel expense reimbursements in his gross income. Nothing in the record below shows that the reimbursements reduced husband's *personal* living expenses. The reimbursements are for business travel expenses for which husband has already paid, and not personal travel; therefore, they do not reduce husband's personal living expenses.

*Reversed and remanded for proceedings consistent with this opinion.*