819 So.2d 834 (2002)
Robert A. COZIER, Appellant,
v.
Varry M. COZIER, Appellee.
No. 2D00-2503.
District Court of Appeal of Florida, Second District.
May 8, 2002.
Rehearing Denied June 21, 2002.
*835 Cynthia L. Greene of Law Offices of Cynthia L. Greene, P.A., Miami, for Appellant.
Varry M. Cozier, pro se.
PAUL W. DANAHY, Senior Judge.
Robert Cozier, the husband in this dissolution action, appeals the final judgment dissolving the parties' marriage. He raises several issues regarding the financial aspects of the judgment. We reverse in part and remand for further proceedings.
Throughout the fifteen-year marriage, the husband was employed by Camper Corral, a business owned by his parents. The husband's annual gross income was approximately $30,000. However, he received *836 numerous benefits through his employment that were not reflected in his salarysuch as insurance, the use of a company car, and contributions to an IRA account. The wife worked as a waitress throughout most of the marriage, even after the birth of the parties' first two children. She stopped working when she was expecting twins, and after the twins' birth, she stayed home to care for the parties' four children. At the time of the final hearing, the children were eleven, four, and three years of age.
The parties were frequently unable to live within their means. Occasionally, when they encountered financial difficulties, the husband's mother would provide them with groceries, clothing, and money for household bills and the children's school tuition. Because the trial court determined that the husband's family "consistently and traditionally" provided the husband with financial benefits, it imputed the sum of $15,000 per year to the husband as additional income for the purpose of awarding alimony and child support.
The husband's arguments primarily involve the trial court's calculation of his gross income. He argues that when the trial court imputed income to him, it erred in considering the assistance his mother gave the family. We conclude that the record does not contain competent, substantial evidence to support the trial court's finding that the gifts provided by the husband's mother were related to the husband's employment. We further conclude that the record does not support the trial court's finding that these periodic gifts of food, clothing, the use of a home, and the occasional gifts of money for bills and the payment of some of the children's tuition were regularly and consistently provided to him. Accordingly, the trial court erred in including the value of these gifts as additional income imputed to the husband. Jones v. Jones, 679 So.2d 1270 (Fla. 2d DCA 1996) (holding that in determining child support, the computation of imputed income must not be based on family gifts or loans); Elremmash v. Peterson, 676 So.2d 525 (Fla. 2d DCA 1996) (same).
We find no error in the trial court's decision to include as income to the husband those regular and expected employment benefits he receivedsuch as medical insurance, term life insurance, the use of a company car, and contributions to an IRA account. Even so, we agree with the husband that the trial court erred by failing to assign a dollar value to these in-kind contributions. See § 61.30(2)(a)(13), Fla. Stat. (1999); McDaniel v. McDaniel, 653 So.2d 1076, 1077 (Fla. 5th DCA 1995) (holding that the trial court erred in failing to provide "specific findings regarding the parties' income breakdowns, in-kind payments and imputed salary"). Thus, on remand the trial court must assign a dollar value to these regular employment benefits, with the exception of the use of a company car to which the trial court assigned a $400 monthly value. In addition, although the value of the family medical insurance provided by the husband's employment was properly added to the husband's gross income as an employment benefit, the court failed to allow a corresponding deduction for the amount of the insurance. This was error and must be remedied on remand. McDaniel, 653 So.2d at 1077.
The trial court also erred in failing to consider benefits to the wife as part of the overall child support computation. In its final judgment the court awarded the wife the exclusive use and occupancy of the jointly titled former marital home and directed each party to pay one-half the mortgage, taxes, and insurance. On remand, the wife's exclusive use and possession of *837 the former marital residence must be included in her income when calculating child support. Thomas v. Thomas, 712 So.2d 822 (Fla. 2d DCA 1998).
Although there was clearly justification for the trial court's award of the wife's requested rehabilitative alimony, the final judgment contained no specific findings concerning a rehabilitative plan. For this reason, we reverse that part of the final judgment pertaining to rehabilitative alimony and remand to the trial court to set forth "adequate findings of fact to support the goals for and the terms and amount of rehabilitative alimony." Zelahi v. Zelahi, 646 So.2d 278, 279 (Fla. 2d DCA 1994).
We are also compelled to reverse that portion of the final judgment requiring the husband to maintain a $100,000 life insurance policy on himself as security for the payment of alimony and child support. We initially note that there was no evidence of the cost of such a policy or whether the husband could obtain or afford it. See Lopez v. Lopez, 780 So.2d 164 (Fla. 2d DCA 2001); Knight v. Knight, 746 So.2d 1117 (Fla. 4th DCA 1999). More important, we find there are no special circumstances present in this case which would necessitate such a requirement. See Pinion v. Pinion, 818 So.2d 557 (Fla. 2d DCA 2002). It was, therefore, improper for the court to require the husband to purchase the policy.
The final judgment also required that the husband maintain medical insurance on the wife's behalf for the duration of the rehabilitative alimony period. Although this was within the trial court's discretion, this was error where the trial court did not set a reasonable limitation on the maximum cost to the husband of obtaining said insurance. See Gay v. Gay, 573 So.2d 180 (Fla. 2d DCA 1991). Accordingly, we reverse this requirement in the final judgment. On remand, the trial court shall set a maximum cost on this obligation.
We affirm the final judgment in all other respects. On remand, in accordance with this opinion, the trial court shall recalculate the parties' incomes and child support obligations and shall make the requisite findings in regard to the award of rehabilitative alimony. The trial court may require the presentation of additional evidence to resolve these matters.
Affirmed in part, reversed in part, and remanded.
WHATLEY and NORTHCUTT, JJ., concur.