850 So.2d 625 (2003)
DEPARTMENT OF REVENUE, on behalf of Wendy Hope, Appellant,
v.
Kenneth J. HINNERSCHIETZ, Appellee.
No. 2D02-669.
District Court of Appeal of Florida, Second District.
July 23, 2003.
*626 Charles J. Crist, Jr., Attorney General, and William H. Branch, Assistant Attorney General, Tallahassee, for Appellant.
Constantine Kalogianis of Kalogianis & Associates, P.A., New Port Richey, for Appellee.
KELLY, Judge.
The Department of Revenue, on behalf of Wendy Hope (the mother), appeals the trial court's order adopting the recommended order of the child support hearing officer which determined the current gross incomes of the parties to be used in calculating current and retroactive child support. We agree with the Department of Revenue that the trial court failed to consider all of the in kind benefits Kenneth Hinnerschietz (the father) received from his business and reverse.
Mr. Hinnerschietz owns his own automobile collision repair business. As stated by the hearing officer in the recommended order, the business has gross receipts of over $300,000 per year, but nets considerably less because the profits are put back into the business. In calculating the gross incomes of the parties, the hearing officer imputed income to Mr. Hinnerschietz as follows: $600 per month living expenses (which includes rent, utilities, and garbage pick up), and $300 per year for medical expenses. During the hearing, the Department of Revenue argued that Mr. Hinnerschietz received benefits of at least $2,500 per month from his business including child care and medical expenses; rent; bills for cable, electric, garbage, and telephone; the use of company vehicles; and petty cash. Counsel for Mr. Hinnerschietz conceded that this was an in kind case and that the value of any such benefits should be imputed. He admitted that a portion of Mr. Hinnerschietz's rent, electric, and garbage bills, a payment on a credit card, a percentage of child care expenses, personal medical bills, and personal living expenses should be imputed.
In determining the parties' income levels under the child support guidelines, the court may consider "[r]eimbursed expenses or in kind payments to the extent that they reduce living expenses." § 61.30(2)(a)13, Fla. Stat. (2002). After a review of the record, we conclude that the trial court failed to consider all of the benefits Mr. Hinnerschietz received from his business which in turn reduced his living expenses. By his counsel's own admission, there were in kind benefits received by Mr. Hinnerschietz that we conclude should have been imputed in the calculation of his gross income for purposes *627 of determining his child support obligation.
Accordingly, we reverse and remand to the trial court for a hearing to determine child support based on a new computation of Mr. Hinnerschietz's imputed income assigning specific dollar values to all the various benefits received by Mr. Hinnerschietz from his business and applying that total value to his gross income. See Cozier v. Cozier, 819 So.2d 834 (Fla. 2d DCA 2002); Jones v. Jones, 679 So.2d 1270 (Fla. 2d DCA 1996).
Reversed and remanded with instructions.
CASANUEVA, J., and THREADGILL, EDWARD F., SENIOR JUDGE, Concur.