864 So.2d 1268 (2004)
Fernando MELO, Appellant,
v.
Mabel Toledo MELO, Appellee.
No. 3D02-1787.
District Court of Appeal of Florida, Third District.
February 4, 2004.
Stephen Cahen, Miami; Greene, Smith & Associates, Cynthia L. Greene, Miami, for appellant.
*1269 William A. Daniel, Jr., for appellee.
Before COPE, GODERICH, and SHEPHERD, JJ.
PER CURIAM.
Fernando Melo appeals from a Final Judgment of Dissolution of Marriage. We reverse.
First, as is apparent from the face of the final judgment, the trial court erred by attributing "the sum of $150,000 net [income] per year" to appellant for the purpose of calculating child support when that figure is actually appellant's gross income. See Thilem v. Thilem, 662 So.2d 1314, 1316 (Fla. 3d DCA 1995) (holding that "the trial court erred in failing to distinguish gross from net income, which is crucial to properly applying the guidelines."); Weiser v. Weiser, 782 So.2d 986, 987, (Fla. 4th DCA 2001) (child support for two children required to be recalculated based upon each parent's net income).
Secondly, the trial court erred by awarding permanent periodic alimony without making sufficient factual findings concerning the statutory factors under section 61.08(2), Florida Statutes (2001). Segall v. Segall, 708 So.2d 983, 987-88 (Fla. 4th DCA 1998). Although the court tracked the language of section 61.08(2), it neglected to make any findings of fact pertaining to those factors. Benters v. Benters, 655 So.2d 1243, 1244 (Fla. 5th DCA 1995). Even if permanent alimony is justified in this case, we cannot review the appropriateness of the amount absent sufficient factual findings. Id.
It should also be noted that the appellee properly conceded in its brief that in determining the award of child support, the trial court erred by failing to first deduct the award from appellant's income and then failing to add it to the income of appellee. See § 61.30(2)(a)(9), (3)(g), Fla. Stat. (2001). Appellant's payment of medical insurance on behalf of the children should similarly have been deducted. McDaniel v. McDaniel, 653 So.2d 1076, 1077 (Fla. 5th DCA 1995).
Finally, the court erred by requiring the appellant to maintain life insurance without first making findings as to the existence of special circumstances. Solomon v. Solomon, 861 So.2d 1218 (Fla. 2d DCA 2003); McDaniel, 653 So.2d at 1078.
The Final Judgment of Dissolution of Marriage is reversed and remanded for proceedings consistent with this opinion.