GROSS, J.
We affirm the amended final judgment of dissolution of marriage.
*1070 Contrary to appellant’s contention, there is nothing “inherently confusing” about the way the trial court handled the issue of the children’s private school tuition. The court found that the tuition would total $24,000 over the 40 months following the judgment. The court decided that the husband should be responsible for 75% of the tuition, which is $18,000. The court then increased the $2,500 alimony awarded in the original final judgment to $2,950 for the first 40 months after the judgment. The trial judge did not abuse his discretion by handling the tuition in this way (40 x ($2,950-$2,500) = $18,000). We note that the amended final judgment provided for $2,800 in permanent alimony, a $300 increase over what was set in the original final judgment. This additional award softens the financial impact on the wife, who earns $118,578 less per year than the husband, of folding the tuition obligation into the alimony award.
We find no error in the trial court failing to include the husband’s reimbursed business expenses as part of his income. There was insufficient evidence at trial for the court to determine the amount of business expenses and how they correlated with his living expenses. For example, five months of the husband’s expense reports showed expenses of $778, but there was no evidence that any of this amount went to reduce living expenses. See § 61.30(2)(a)(13), Fla. Stat. (2006). There was no specific evidence quantifying the husband’s use of the Ford Explorer. Other expenses were de minimis. See Lauro v. Lauro, 757 So.2d 523 (Fla. 4th DCA 2000).
Finally, we find no error in the trial court’s failure to equitably distribute $16,000 in credit card debt. Before the final hearing, the parties settled them equitable distribution issues. As framed for the trial judge, the only issues remaining for the court related to alimony. There was no evidence at trial concerning this issue. The agreed equitable distribution scheme made no mention of the credit card debt.

Affirmed.

WARNER and KLEIN, JJ., concur.