30 So.3d 667 (2010)
G.S.P., Appellant,
v.
K.B., n/k/a K.M., Appellee.
No. 2D08-2350.
District Court of Appeal of Florida, Second District.
March 19, 2010.
*669 Michael B. Steeves of Michael B. Steeves, P.A., Clearwater, for Appellant.
James R. Schaffer of James R. Schaffer, P.A., Tampa, for Appellee.
WALLACE, Judge.
G.S.P. (the Father) appeals an order that modified a final judgment of paternity by increasing the amount of child support he is obligated to pay and that awarded additional child support to K.B. (the Mother) retroactive to the date of the filing of her petition for modification. Some of the Father's challenges to the trial court's findings concerning expense and income items discussed below have merit. Therefore, we reverse in part and remand for the trial court to enter an amended order in accordance with this opinion. We decline to discuss the remainder of the issues raised by the Father, and we affirm the trial court's order in all other respects.

I. STANDARD OF REVIEW
The standard of review from a grant or denial of a petition for modification of a child support award is abuse of discretion. See Seward v. Fla. Dep't of Revenue, 794 So.2d 614, 615 (Fla. 2d DCA 2001). This court will affirm the award of child support if it is supported by substantial, competent evidence in the record. See Reddick v. Reddick, 728 So.2d 374, 375 (Fla. 5th DCA 1999).

II. HEALTH CARE EXPENSES
The trial court's award for retroactive child support is based, in part, on the trial court's finding that the Mother maintained health, dental, and vision insurance on the minor child at the rate of $265 per month "during all relevant time periods." The Father argues that the Mother's affidavits show that she paid only $189.76 per month for health care expenses through the end of 2005 and that the figure increased to $265 per month from January 2006 forward. Our review of the record supports this claim. Although we note that the $189.76 figure does not include dental insurance premiums as does the later $265 figure, the Mother's earlier affidavits do not include any expense for dental insurance or other medical costs.
Accordingly, on remand, the trial court shall amend the order granting the Mother's motion for modification of final judgment of paternity to reflect an award allowing for health, dental, and vision insurance costs of $189.76 per month before January 1, 2006, and $265 per month after that date.

III. CHILD CARE EXPENSES
The trial court found that the Mother had incurred day-care expenses in the amount of $224 per month "from 2003 to 2006." The child support guidelines worksheets attached to the modification order reflect that the trial court awarded the Mother seventy-five percent of this amount, or $169[1] per month, from 2003 to 2006. However, our review of the record indicates that the Mother stopped paying for child care in August 2005. On remand, the trial court shall adjust the child support *670 guidelines worksheets as necessary to reflect this fact and shall adjust the child support award accordingly.

IV. ADJUSTMENTS TO INCOME FOR PERSONAL EXPENSES PAID BY THE FATHER'S SUBCHAPTER S CORPORATION
"In determining the parties' income levels under the child support guidelines, the court may consider `[r]eimbursed expenses or in kind payments to the extent that they reduce living expenses.'" Dep't of Revenue v. Hinnerschietz, 850 So.2d 625, 626 (Fla. 2d DCA 2003) (alteration in original) (quoting § 61.30(2)(a)(13), Fla. Stat. (2002))[2]; see also Cozier v. Cozier, 819 So.2d 834, 835 (Fla. 2d DCA 2002) (approving the trial court's decision to include as income benefits such as a company car and life insurance paid for by the family business). In this case, the trial court found that the Father's Subchapter S corporation paid for several personal expenses, including health insurance in the amount of $560 per month, life insurance in the amount of $184.91 per month, and auto insurance in the amount of $250 per month. Accordingly, the trial court included these amounts as in-kind payments in its computations of the Father's gross income for the years 2003 through 2006. The Father challenges these additions to his gross income.

A. Health Insurance Premiums
Although the Father's S corporation paid the health insurance premiums, the business did not deduct the cost of these premiums as an expense. Instead, these costs were included in the pass-through income reported on the Father's personal income tax return and were therefore included in his gross personal income for each year in question. As a result, the trial court erred in treating the health insurance premiums as an in-kind payment from the S corporation reducing the Father's personal expenses.

B. Life Insurance Premiums
Our review of the record shows that in 2003, the S corporation paid $2219 in premiums for "key man life insurance," but the business treated these premiums as nondeductible expenses. Because the Father failed to produce his 2004 tax return and because the Mother did not obtain a copy for introduction into evidence, we do not know how the business handled the insurance premiums in 2004. In 2005, the business deducted $2966 for "insurance," but there is no evidence proving that this amount was for the key man life insurance. The S corporation's 2006 tax return contains no entry for life insurance.
Accordingly, the record fails to contain competent, substantial evidence to support the trial court's finding that the key man life insurance was paid for by the business. Therefore, the inclusion of this expense as an in-kind payment reducing personal expenses was error.

C. Automobile Insurance Expense
Testimony at the hearing and evidence in the record support the trial court's conclusion that the insurance premiums for a Ford and a Saturn driven for personal use were paid by the business. Accordingly, we conclude that the trial court's finding that the insurance premiums for these two vehicles were paid by the S corporation was supported by substantial, competent evidence in the record. Therefore, the trial court did not err in treating these expenses as in-kind income, *671 which reduced the Father's personal expenses.

V. CONCLUSION
For these reasons, we reverse the trial court's order in part and remand for the entry of a corrected order in accordance with this opinion. In all other respects, the trial court's order is affirmed.
Affirmed in part, reversed in part, and remanded.
LaROSE and CRENSHAW, JJ., concur.
NOTES
[1] We attribute the minor discrepancy to rounding.
[2] The wording of this subsection has not changed during the years applicable to this case.