2011 VT 12

## Marie KELLY-WHITNEY v. Christina KELLY-WHITNEY

[15 A.3d 138]

No. 10-075

¶ 1. January 31, 2011. Plaintiff Marie Kelly-Whitney appeals from a decision of the family court, which reversed and remanded a magistrate's decision on child support and held that it was error for the magistrate to include in defendant Christina Kelly-Whitney's gross income a tuition benefit provided by her employer. Christina, a licensed teacher, is working as a paraprofessional and custodian at the children's private school in order to obtain a tuition benefit of $20,250. If this tuition benefit were considered gross income under 15 V.S.A. § 653(5), Marie's child support payment to Christina would be $4.85 per month. We agree with the family court that the tuition benefit is not gross income because it does not reduce Christina's personal living expenses and affirm that court's decision.* We remand for a decision not reached by the family court or the magistrate on whether Christina is voluntarily underemployed.

¶ 2. This appeal arose out of a child support hearing stemming from a separation agreement between the unmarried parents of two minor children. The separation agreement provided that the children would continue attending a private school as long as Christina agreed to pay the tuition. Under the agreement, Marie

had no further obligation to pay such tuition after the 2008-2009 school year. In the hearing to set child support, Marie made two arguments. She argued that Christina is voluntarily underemployed because she is working as a custodian and paraprofessional rather than as a teacher, and therefore income should be attributed to Christina consistent with what she is capable of earning. Marie also argued that the tuition benefit should be included in Christina's gross income because the benefit reduced the personal living expenses that Christina would otherwise have to pay under the parties' separation agreement. The magistrate thought the latter issue was the first one that should be addressed, and reached only the tuition credit issue, finding in favor of Marie that the tuition benefit should be included in Christina's gross income. Christina filed an appeal in the family court, specifying the issue as solely about whether the credit should be included in gross income, an issue on which the family court reversed the magistrate. Marie then filed the instant appeal, challenging the family court's decision and again raising the issue of underemployment.

¶ 3. Marie makes four assignments of error on appeal. She argues that the family court: erred in its interpretation of gross income by not applying the plain meaning of the statute; should have given more weight to the parties' separation agreement allocating tuition to Christina; failed to consider Christina's underemployment; and violated its standard of review by deciding the issue of reasonable expenses when the magistrate had conducted no inquiry into expenses. We agree with Marie that the family court did not consider Christina's underemployment. Christina framed the issues before the family court, and the magistrate did not reach the question of underemployment in its decision on the tuition credit. Nevertheless, these issues are necessarily intertwined. Marie is entitled to a

---

* We note that on remand from the family court, the magistrate no longer included the tuition benefit in Christina's gross income and set Marie's child support contribution at $315.06 per month, plus an amount toward the arrearage accumulated from the date support was due.

decision on an issue that was properly raised before the magistrate. We order a remand for that purpose because the remand from the family court required only a recalculation of child support after eliminating the tuition credit from gross income. In all other respects, there was no error.

¶ 4. Under 15 V.S.A. § 653(5)(A)(ii), "gross income" is defined for purposes of computing child support to include "expense reimbursements or in-kind payments received by a parent in the course of employment or self-employment or operation of a business if they reduce personal living expenses." If we apply the plain meaning of the statute, as Marie urges, we agree that the tuition benefit is an in-kind payment received by a parent in the course of employment, but we cannot say that the benefit reduced Christina's personal living expenses. See *Clark v. Clark*, 172 Vt. 351, 357, 779 A.2d 42, 47 (2001) (explaining that in interpreting statute, first step is to determine plain meaning of its language). Both clauses of the statute must be satisfied, and to give effect to the term "personal living expenses," we must apply a reasonable interpretation consistent with the purpose of the statute. See *Delta Psi Fraternity v. City of Burlington*, 2008 VT 129, ¶ 7, 185 Vt. 129, 969 A.2d 54. Personal living expenses may reasonably be interpreted to include such items as housing, food, clothing, and transportation, and whatever ancillary expenses would be considered necessary to those broad categories, such as utility costs and vehicle insurance, to list a few examples. See, e.g., *Clark*, 172 Vt. at 358, 779 A.2d at 48-49 (holding that employer-provided housing was in-kind benefit that reduced personal living expenses under child support statute); *McDaniel v. McDaniel*, 653 So. 2d 1076, 1077 (Fla. Dist. Ct. App. 1995) (including value of company car provided to parent in calculation of gross income for child support purposes because in-kind payment reduced living expenses).

¶ 5. Here, the tuition credit is simply available to Christina if she chooses to send the children to her employer's school. It does not impact her personal living expenses. See *Mitchinson v. Mitchinson*, 173 Vt. 483, 484, 788 A.2d 23, 24 (2001) (mem.) (holding that parent's business travel expense reimbursements did not reduce personal living expenses where parent was neither self-employed nor business proprietor). Christina's tuition credit stands in contrast to the facts in *Clark*, where a cottage was provided by the father's employer, free of charge. In *Clark*, we affirmed the family court's decision to impute $600 per month in income to the father for the value of the cottage because receipt of the in-kind benefit eliminated his need to pay for housing, an essential personal living expense. 172 Vt. at 358, 779 A.2d at 49. Nor is this a situation in which Christina has a choice to take less money in salary from this particular employer to obtain the tuition credit. See *Jones v. Jones*, 920 So. 2d 563, 564-65 (Ala. Civ. App. 2005) (concluding that if parent's pay is unaffected by benefit, benefit is not income to parent). As the family court found, there was no evidence that the tuition benefit was negotiated in lieu of salary.

¶ 6. Marie cites no authority in support of her argument that living expenses should include a tuition credit, but she argues that family court form 813, a financial affidavit, treats private school tuition as a monthly expense. The fact that tuition is an expense item for those families who voluntarily choose to pay private school tuition does not convert an employer's tuition credit into an item that reduces necessary personal living expenses. To construe an employer's tuition benefit that has no impact on gross income and may be used or not, at the employee's election, as a personal living expense is inconsistent with fairly allocating the children's actual living expenses between the parents. The parties' specification of pri-

vate school tuition as an expense belonging to Christina in their separation agreement does not alter our interpretation of the statute. Such provision merely reflects the parties' agreement that if attendance at private school is continued, Marie would no longer have any obligation for tuition. It has no bearing on the meaning of gross income under the statute.

¶ 7. Marie also contends that the family court exceeded its power by imposing its own view of personal living expenses when the magistrate found that those expenses had been allocated by the separation agreement. The family court's reversal was on an issue of law, not fact. It necessarily had to consider the meaning of "personal living expenses" under the statute. No factual inquiry was necessary as to Christina's actual expenses because whatever they are, the tuition credit does not operate to reduce them. Christina's choice to send the children to private school using the credit is wholly voluntary. She is not compelled to do so by the separation agreement or any family court order. Marie's argument here is another attempt to advance her statutory argument, dismissed above, that personal living expenses must include the private school tuition expense. We reject that argument in the circumstances of this case.

¶ 8. What remains at issue, however, is whether Christina is voluntarily underemployed. It is a question that has always been factually intertwined with the tuition credit because the alleged underemployment is the result of Christina's desire to send the children to private school and her willingness to work as a custodian and paraprofessional at the school to obtain the tuition credit, which is likely the only way she can pay for the private school. Christina does not dispute that she is a licensed teacher, but there have been no findings of fact about whether and to what extent she is, in fact, underemployed, and whether income should be

attributed to her as a result. This issue was not reached because the magistrate divided the case into two issues and found that the tuition credit should be included in gross income, which disposed of the case until the family court properly reversed the magistrate on an issue of law. Therefore, a remand is appropriate to consider whether Christina is underemployed and to adjust child support, if necessary.

*Affirmed as to the family court's decision on gross income. Remanded for further consideration of whether defendant is underemployed and to adjust child support, if necessary.*