CRENSHAW, Judge.
Robert Fuesy, the Former Husband, appeals the trial court’s final order adopting the magistrate’s recommendation for modification of child support. On appeal he challenges the trial court’s determination of Margaret Fuesy’s, the Former Wife’s, income for child support purposes. Because the trial court failed to consider the Former Wife’s contributions to a voluntary retirement account in determining the Former Wife’s income for child support purposes, we reverse and remand for further proceedings. We affirm on all remaining grounds without comment.
The parties’ final order of dissolution of marriage incorporated a marital settlement agreement which provided that the Former Husband would pay $900 per month in child support to the Former Wife for the parties’ three minor children. The agreement stated that the Former Husband’s child support obligation would terminate at the time each child turned eighteen years old. The remaining child support payments would then be calculat *152 ed in accordance with the amounts set forth by the child support guidelines.
In September 2008, the Former Husband filed a supplemental petition for adjustment of child support. By that time, two of the three minor children had reached majority. A hearing was held to determine the amount of child support the Former Husband owed after each child turned eighteen years old, beginning in 2005. The trial court’s final order rejected the Former Husband’s proposed child support guidelines and adopted the Former Wife’s proposed guidelines. The Former Husband’s ongoing child support obligation for the remaining minor child was set to $738.60 per month.
The Former Husband challenges on appeal the trial court’s determination of the Former Wife’s income for purposes of calculating child support. Because the trial court failed to consider the Former Wife’s contributions to a voluntary retirement plan, we reverse and remand for recalculation of child support.
Section 61.30(2)(a), Florida Statutes (2008), describes the various income sources to be included in calculating a party’s gross income for purposes of determining child support. Section 61.30(3) lists the allowable deductions in order to calculate net income. Although for purposes of calculating child support, mandatory retirement payments are included as allowable deductions under section 61.30(3)(d), voluntary retirement payments are not. See Nelson v. Nelson, 651 So.2d 1252, 1254 (Fla. 1st DCA 1995) (instructing the trial court to consider the husband’s contributions to a voluntary pension plan “as part of his income for purposes of determining child support”). Here, the Former Wife testified that she was contributing to an IRA, and no evidence was presented to support a finding that she was contributing to a mandatory retirement plan. And because it appears the values she listed in her proposed guidelines failed to include any of her contributions to a voluntary retirement plan, we reverse. We direct the trial court to recalculate the Former Wife’s income and child support for each year that the trial court failed to consider the Former Wife’s contributions to a voluntary retirement plan.
Although section 61.30(2)(a)(7) includes pension, retirement, or annuity payments as gross income, we note that the Former Wife’s withdrawals from any voluntary retirement account shall not be included as income for the purposes of determining child support.
Affirmed in part, reversed in part, and remanded for further proceedings.
WHATLEY and KELLY, JJ., Concur.