NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TAMMI JO EDGE, )
 )
 Appellant, )
 )
v. ) Case No. 2D14-6021
 )
TIMOTHY WALLACE EDGE, )
 )
 Appellee. )
_____ )

Opinion filed June 15, 2016.

Appeal from the Circuit Court for Lee
County; G. Keith Cary, Judge.

Robert L. Donald of Law Office of Robert L.
Donald, Fort Myers, for Appellant.

Paul A. Rocuant of Rocuant Law Firm,
Estero, for Appellee.


KHOUZAM, Judge.

Tammi Jo Edge timely appeals the final judgment of dissolution of her marriage to Timothy Wallace Edge, raising seven claims. Because the trial court erred in calculating the Former Husband's income, we reverse and remand for the trial court to correct the income calculation and reconsider the final judgment in light of the update. As to all the remaining issues, we affirm without comment.

In calculating the Former Husband's income, the trial court used the amount of gross income that the Former Husband reported on his financial affidavit, even though he testified that he had since gotten a raise. The Former Husband also stated that he had been receiving a bonus of $7000 to $9000 every year since 2009. The court noted these bonuses, concluding that they were not guaranteed because they were given at his employer's discretion. But under these circumstances the trial court should have included the bonuses as part of the Former Husband's income. See Drew v. Drew, 27 So. 3d 802, 802 (Fla. 2d DCA 2010) ("[W]hen a trial court calculates income for the purpose of awarding child support or alimony, it may not exclude from consideration bonuses that are regular and continuous.").

The Former Husband also testified that the amount that he listed on his financial affidavit as "mandatory retirement payments" was actually his repayment of a loan on his 401(k). Accordingly, this amount should not have been deducted. See Fuesy v. Fuesy, 64 So. 3d 151, 152 (Fla. 2d DCA 2011) ("Although for purposes of calculating child support, mandatory retirement payments are included as allowable deductions under section 61.30(3)(d), voluntary retirement payments are not."); Moore v. Moore, 120 So. 3d 194, 197 (Fla. 5th DCA 2013) ("[I]t is apparent that neither the 401(k) contribution nor the health savings account qualifies as an authorized deduction for calculation of net income under section 61.30(3), Florida Statutes (2011)."). The Former Husband appears to concede this point, only claiming that the inaccuracy was "de minimis." But we must reverse even where it is unclear whether an updated figure will affect the final result. See Moore, 120 So. 3d at 197 ("It is unclear whether this additional available income would have affected the final judgment; however, we are

bound to remand for reconsideration of the judgment in light of the correct net income of Former Wife.").

Accordingly, we reverse and remand for the court to recalculate the Former Husband's income and, in light of the updated income figure, reconsider the child support award and alimony award as well as the requirement that the Former Wife pay for counseling. We remind the trial court that it is inappropriate to condition—even implicitly—visitation rights on a financial obligation. See Perez v. Fay, 160 So. 3d 459, 466 (Fla. 2d DCA 2015) ("[A] parent's visitation rights may not be conditioned on the payment of the parent's financial obligations." (quoting Hastings v. Rigsbee, 875 So. 2d 772, 777 (Fla. 2d DCA 2004))).

Affirmed in part, reversed in part, and remanded with instructions.

VILLANTI, C.J., and LaROSE, J., Concur.