WALLIS, J.
The Department of Revenue (DOR), on behalf of Michael Shorter (Father), appeals the order vacating the final order of modification and reinstating Father's original support obligation. DOR argues that the lower court erred in finding that items listed as "non-taxable company items" totaling $ 20,161 should be included as income in calculating Father's child support obligation and in finding that a corresponding deduction for purposes of determining Father's income should not be made. We agree and reverse.
Father and Kellie Amico (Mother) share one minor child. They agreed that Father would pay $ 620 per month in child support. DOR subsequently filed a petition for modification of Father's child support obligation on Father's behalf due to changed circumstances.
At the hearing on the petition for modification, Father testified about the health insurance his employer provides for him and his family as well as his employer's contribution to the pension fund. After hearing this and other evidence, the hearing officer issued a recommendation, finding that there was a substantial change in circumstance and ordering Father to begin paying $ 296 per month in child support to Mother. Mother filed verified objections to the hearing officer's findings and moved to vacate the order.
The trial court held a hearing on Mother's motion to vacate and concluded that the hearing officer erred when calculating Father's child support obligation because the hearing officer erroneously excluded certain, taxable income when calculating the child support amount Father owes Mother. In re-calculating Father's gross income for purposes of child support, the trial court included the following "non-taxable company items" which are listed on Father's pay stub: (1) the Apprenticeship Fund; (2) NEBF; (3) the Administration Fund; (4) NLMCC; (5) Florida Building Trades; and (6) DLMCC. The trial court concluded that these items should have been added to Father's taxable income when calculating child support under section 61.30(2)(a) 13, Florida Statutes. After performing the child support calculation using Father's re-calculated income, the trial court found that Father should continue paying $ 620 per month in child support to Mother. Therefore, the trial court *683 granted Mother's motion to vacate and ordered that Father continue paying the original amount of child support to Mother.
DOR argues the trial court erred as a matter of law when it calculated Father's gross income because it included employment benefits as taxable income without finding that they reduced Father's living expenses. Section 61.30(2), Florida Statutes, sets forth the way in which the trial court shall determine a parent's monthly income. Pursuant to section 61.30(2)(a) 13., Florida Statutes, gross income shall include "[r]eimbursed expenses or in kind payments to the extent that they reduce living expenses." Thus, under section 61.30(2)(a) 13., a court should include as income "those regular and expected employment benefits ... received such as medical insurance ... and contributions to an IRA account" to the extent the court can determine how they correlate with living expenses. Cozier v. Cozier, 819 So.2d 834, 836 (Fla. 2d DCA 2002) ; see Long v. Long, 967 So.2d 1069, 1070 (Fla. 4th DCA 2007). However, in kind payments should not be included in a party's monthly income for purposes of calculating income "unless the receipt of that money is shown to reduce personal living expenses." Valentine v. Van Sickle, 42 So.3d 267, 273 (Fla. 2d DCA 2010). If the trial court includes income for in kind payments, it should also include a corresponding deduction. McDaniel v. McDaniel, 653 So.2d 1076, 1077 (Fla. 5th DCA 1995). Finally, in determining the amount of child support a party owes, the trial court should include findings of fact regarding the parties' income breakdowns and in kind payments. Id.; see also Wilcox v. Munoz, 35 So.3d 136, 139 (Fla. 2d DCA 2010) (failing to make findings of fact regarding parties' incomes in determining child support obligation reversible error).
As explained, in calculating Father's gross income, the trial court included the six items from Father's pay stub. At the hearing, Father testified about his health insurance and his employer's contributions to the pension fund on his behalf, but he never discussed the other six items identified as "non-taxable company items." It is unclear from the hearing testimony what these items are and whether they reduce Father's living expenses in any way. In addition, the trial court failed to make the required findings of fact before including these items in its income and child support calculations. Without evidence showing that these six items reduce Father's living expenses, it was error for the court to include those payments as gross income pursuant to section 61.30(2)(a) 13. See Valentine, 42 So.3d at 273 (finding trial court erred by including per diem reimbursements to Husband as part of his monthly income for purposes of calculating his income where there was no evidence they reduced his living expenses); Long, 967 So.2d at 1070 (refusing to include husband's reimbursed business expenses as part of his income not error where there was insufficient evidence at trial for court to determine amount of expenses and how they correlated with his living expenses).
DOR additionally argues the trial court erred when it failed to include certain deductions when calculating Father's child support obligation. DOR concedes that the trial court properly included the payments Father's employer makes for his health insurance and pension plan when calculating Father's income. It argues, however, that the trial court should have included corresponding deductions from Father's income for those items.
When determining a party's child support obligation, "net income is obtained by subtracting allowable deductions from *684 gross income." § 61.30(3), Fla. Stat. Under the statute, allowable deductions "shall include ... mandatory retirement payments" and "health insurance payments, excluding payments for coverage of the minor child." § 61.30(3)(d), (e), Fla. Stat.; see Fuesy v. Fuesy, 64 So.3d 151, 152 (Fla. 2d DCA 2011) (recognizing that mandatory retirement payments are allowable deductions for purposes of determining child support, whereas voluntary retirement payments are not allowable deductions under the statute).
The trial court properly included payments that Father's employer made toward his health insurance as gross income because those payments reduce Father's living expenses. It erred, however, in failing to provide a corresponding deduction when calculating Father's net income. See § 61.30(3)(e), Fla. Stat.; Russell v. McQueen, 115 So.3d 1084, 1086-87 (Fla. 5th DCA 2013) (refusing to allow deduction for health insurance father pays for himself when calculating his gross income error); Cozier, 819 So.2d at 836 (court properly included as income benefits husband receives from employment, including medical insurance, but it erred in failing to allow corresponding deduction for amount of insurance); McDaniel, 653 So.2d at 1077 (increasing husband's income by cost of health insurance for himself and children without providing corresponding deduction error). Finally, because the only evidence provided in the trial court shows Father's pension plan payments are mandatory, it was error for the trial court to not allow a corresponding deduction for the same. See § 61.30(3)(d), Fla. Stat.; J.N.S. v. A.M.A., 194 So.3d 559, 562 (Fla. 5th DCA 2016) (refusing to deduct mother's retirement benefits from her gross income error where evidence showed she is state employee required by law to make retirement payments).
For these reasons, we reverse the trial court's order granting Mother's motion to vacate and remand so that the trial court can recalculate Father's child support obligation. On remand, the trial court shall remove the six previously identified items included in Father's pay stub when calculating Father's gross income. The trial court shall also include deductions for payments for Father's health insurance and pension plan when calculating Father's net income.
REVERSED AND REMANDED with Instructions.
EDWARDS and GROSSHANS, JJ., concur.